WALLACE GLEASON, *as Sheriff &c.*, v. THE BOARD OF COMMISSIONERS OF MCPHERSON COUNTY.

BASTARDY CASE—*Sheriff's Fees*—*County, Not Liable.*  A county is not liable for the costs of the sheriff for serving subpenas and other papers in a bastardy case prosecuted under ch. 47, Comp. Laws of 1879, "Providing for the maintenance and support of illegitimate children."

*Error from McPherson District Court.*

ACTION by *Gleason* against *The Board of Commissioners*, to recover certain fees amounting to $87.80, in a bastardy case.   Judgment for the defendant board, at the April Term, 1883, of the district court.   Plaintiff complains of this judgment, and brings it here for review.   The opinion states the case.

*D. O. Barker, D. P. Lindsay*, and *Frank G. White*, for plaintiff in error.

*Lucien Earle*, county attorney, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: In a proceeding in the district court of McPherson county, under ch. 47, Comp. Laws of 1879, "for the maintenance and support of illegitimate children," one Augustus Comer was found to be the father of a bastard child. The plaintiff, who is the sheriff of that county, being unable to collect his costs in the case from any other source, pre-

sented his bill therefor, duly verified, to the board of county commissioners for allowance. This was refused. He appealed to the district court. The defendant demurred to the plaintiff's bill setting forth his claim, upon the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and rendered judgment for the defendant.

The question presented for our determination is, whether the county of McPherson is liable for the costs of the sheriff. If a proceeding in bastardy is a criminal case, then the county is liable; if it is a civil proceeding, the county is not liable, and the ruling of the trial court must be sustained.

The contention on the part of the plaintiff is, that as a public offense within the meaning of the statute is any act or omission for which the laws of the State prescribe a punishment, and as the laws of the State do prescribe a punishment for a person who is convicted of bastardy, he who is guilty of bastardy is guilty of a crime, and the proceeding to establish his guilt is therefore a criminal proceeding.

The argument is faulty, because the premises upon which it is based do not in fact exist. The laws of the state do not aim to punish one who is guilty of bastardy. It is the duty of every man who becomes the father of a child to contribute to its support, and to save the public from the burden of its maintenance. This duty the statute aims to enforce. There is nothing punitive about it.

"The object of the law is not to punish the defendant for his illicit intercourse with the mother of the bastard child, for such offenses are fully provided for in other statutes; but the object of the law is to enforce, by a stringent remedy, that moral obligation resting upon every father to support his own offspring." (*Willetts v. Jeffries*, 5 Kas. 470; *Hawes v. Cooksey*, 13 Ohio, 242; *Carter v. Krise*, 9 Ohio St. 402.)

While the several county attorneys, within their respective counties, are required to prosecute all causes originating under the bastardy act, yet the prosecuting witness may, at any time before final judgment, without the consent of the county at-

torney prosecuting the case, dismiss the action, if she only enter of record an admission that provision for the maintenance of the child has been made to her satisfaction; and such entry is a bar to all other prosecutions for the same cause and purpose. The statute therefore gives the aid of the county attorney for the prosecution of such cases, and permits the prosecution to be carried on in the name of the state, on the relation of the prosecuting witness, to afford a more complete remedy to enforce the discharge of the duty on the part of the defendant who is the father of an illegitimate child. This conclusion is also supported by various provisions of the statute: thus, § 3 of ch. 47 provides, "that the rules of evidence and the competency of witnesses shall be the same as in civil cases;" and § 8 reads, "the trial and proceedings of such prosecution, both before the justice and in the district court, shall, in all respects not herein otherwise provided for, be governed by the law regulating civil actions." (*Jackson v. The State*, ante, p. 88.)

The judgment of the district court will be affirmed.

All the Justices concurring.