THE STATE OF IOWA, Appellee, v. A. L. BAKER, Appellant.

1. Bastardy: PROOF OF PATERNITY: CONFLICT OF EVIDENCE. Where in an action for the support of a bastard child the fact of sexual intercourse was admitted by the defendant, and the evidence was conflicting upon the question whether the parties were together during the period when conception must have taken place, but the preponderance was in favor of the state, *held*, that a verdict against the defendant would not be disturbed, although it appeared that during the same period the complainant had intercourse with other men.

2. ———: SETTLEMENT: AGREEMENT BY MINOR. A settlement, made by a minor female, in full of all claims on account of sexual intercourse had with her, can not be set up as a bar to an action by the state to recover support for a bastard child of its putative father.

3. **Practice in Supreme Court:** QUESTIONS CONSIDERED ON APPEAL. The supreme court will not consider questions which are raised for the first time upon appeal.

4. **Witnesses:** CREDIBILITY: INSTRUCTIONS TO JURY. The district court being asked to instruct the jury that, if they found that any witness in the case had knowingly sworn falsely in relation to any material matter or statement, then they might disregard the entire .evidence of such witness, gave such instruction with the addition, "But you are not bound to do so if you still believe it worthy of credit." *Held*, that the additional words did not change the legal effect of the instruction asked.

*Appeal from Lucas District Court.*—HON. W. I. BABB, Judge.

TUESDAY, OCTOBER 10, 1893.

PROCEEDING under the bastardy act for the support of a child. There was a verdict and judgment against the defendant, from which he appeals.—*Affirmed*.

*Will B. Barger* and *Stuart & Bartholomew*, for appellant.

*Mitchell & Penick, J. C. Copeland* and *John Y. Stone*, Attorney General, for the State.

GRANGER, J.—The information was filed by one Julia A. Flood, who on the thirteenth day of July, 1891, gave birth to an illegitimate child. It is sought to establish by the proceeding that the defendant is the father of the child, and require him to support it, and the verdict and judgment below impose upon him that duty.

1 BASTARDY: proof of paternity. conflict of evidence.

It is said that the evidence does not show him to be the father of the child. There is certainly a substantial conflict in the evidence on this question. It is undisputed that the complainant gave birth to the child, and that before its birth the defendant had sexual intercourse with her, the parties to the intercourse dis-

puting in their testimony as to the time of its occurrence. She testifies that she first had intercourse with him in August, 1890, and the last time on the seventeenth day of March, 1891. He testified that their first intercourse was in the middle or last of February, and "the last time was the .seventeenth of March." She says the defendant was with her two or three nights a week from August until the seventeenth of March. She says he was not with her in the months of September and October; that he might have been in November, and was about Christmas. The mother of the complainant says that she saw the defendant with her daughter in September and October, both times after night. She also heard him at the gate with her in August, supposed it to be him from his voice. Maggie Davis testified: "I saw Albert Baker in company with Julia Flood once in the month of October, at Cleveland, and I saw Albert Baker with Julia Flood once before. They were coming from Lucas." Upon the particular fact of the parties being together before the time stated by the defendant the testimony may be said to predominate in favor of the state. Certainly, it can not be said that there is such a want of testimony in that particular as to warrant an interference by, the court. With the fact conceded that there was the intercourse, and the fact established by evidence, as the jury must have found, that the parties were together during the period when conception must have taken place in the natural order of events, it leaves but little room to dispute the sufficiency of the finding by the jury, that the parties had intercourse during that period. If the finding of the jury in this respect is to be sustained, its finding in respect to the parentage of the child must also be sustained, unless there are other facts or evidence that authorize us to set it aside. There is testimony tending strongly to show that the complainant was in the company of other men during the months

of September, October, and November, 1891, under circumstances to justify grave suspicions as to her character for chastity, and in some particulars to warrant a conclusion against her. This is certainly all the appellant can claim for the testimony. It should, however, be said that in all respects her testimony presents a plain conflict as to the fact, and in some of the particulars the conflict is aided by other testimony. But, for the purposes of the case, let it be conceded that there was intercourse by others. That fact would not excuse the defendant, if the father of the child, and the question for the jury would be, which of those having intercourse was the guilty one? It is not the fact of intercourse in such a case that constitutes the guilt. It is the paternity. The facts as to intercourse with others are important in fixing the fact of paternity, but, even though they make difficult the solution of the question, they do not have the effect claimed for them by the appellant in this case. See *State v. Pratt*, 40 Iowa, 631; *State v. Borie*, 79 Iowa, 605.

II. On the twenty-ninth of April, 1891, the complainant and the defendant and his father entered into a written stipulation of settlement, by the terms of which she received one hundred dollars in full of all claims against the defendant "on account of such sexual intercourse, if such intercourse had ever occurred." She further agreed "not to claim that the said Albert Baker is the father of the child that she is now pregnant with." The agreement contains many other provisions not necessary to specify. The state, in a reply, pleaded that the agreement was obtained by fraud, and that at the time of its execution the complainant was but seventeen years of age. The court instructed the jury that, if the complainant was but a minor when the agreement was made, it did not bind the state, even though fairly entered into.

2. ——: settlement: agreement by minor.

Complaint is made of the instruction. We think it correctly states the law. If the public, in such a case, is bound by the contract of an adult female who is the mother of such a child, it is because she is capable of assuming obligations herself, and presumably capable of protecting the public from the liability sought to be avoided by the proceeding against the putative father. A minor has not the capacity to assume such obligations, nor does the law presume one capable of discharging them if assumed. It can not be fairly said that such a minor has power to bind the public against asserting a legal right when she has not the power to bind herself to the same extent. The law fixes the obligations of a putative father to the public, and there are no considerations to support a rule whereby one incapable of contracting should be permitted to waive those obligations, either with or without consideration. Code, section 2238, as to disaffirmance, has no application in such a case. There is some conflict of testimony as to the fact of the minority of the complainant when the agreement was made, but the state of the record is such that it was solely a question for the jury.

III. It is said that at the time of making the agreement of settlement the complainant represented that she was twenty four years of age, and the rule of law is invoked with regard to misrepresentations by minors as to their age. It is sufficient to say that the question is first presented in this court. No such claim appears to have been made on the trial below, and it is now too late. The application of the law would involve a finding of fact as to there being good reason to believe the minor capable of contracting. Code, section 2239. We are not to be understood as holding that the statute would apply in such a case.

3. PRACTICE in supreme court: questions considered on appeal.

IV. The defendant asked the court to instruct that, "if you find that any witness in this case has knowingly

4. WITNESSES: credibility: instructions to jury. sworn falsely in relation to any material matter or statement, then you may disregard the entire evidence of such witness."

The court added the following: "But you are not bound to do so if you still believe it worthy of credit." Complaint is made because of the added words. They did not change the legal effect of the instruction as asked. As asked, the instruction left to the jury a discretion as to disregarding "such matter or statement," and the added words did no more than emphasize that feature of the instruction. There is no error in the action of the court.

V. The complainant, at the time of the birth of her child, was in Chicago. It is insisted that she was not at that time a resident of Lucas county, and hence that the judgment can not be sustained. Under the instructions of the court the jury must have found her residence in Lucas county, and the testimony is such that the finding should not be disturbed by us.

We have carefully considered other complaints as to giving and refusing instructions, and find no error. AFFIRMED.