THE STATE OF KANSAS, *ex rel. Nellie Bales*, v. ALBERT BAKER.

No. 12,652.  (69 Pac. 170.)

SYLLABUS BY THE COURT.

1. BASTARDY PROCEEDINGS—*Dismissal by Prosecutrix—Record Admission.* The prosecutrix in a bastardy proceeding, although a minor, may at any time before final judgment and without the consent of the county attorney or other person dismiss the proceeding, if she shall enter of record an admission that provision for the maintenance of the child has been made to her satisfaction.

2. ——— *Dismissal a Bar to Another Prosecution.* Such admission and dismissal, if obtained without deception or fraud, are binding upon the prosecutrix and the state, and are an effectual bar to another prosecution for the same cause and purpose.

Error from Sedgwick district court; D. M. DALE, Judge. Opinion filed June 7, 1902. Affirmed.

*J. F. Conly*, and *Amidon & Conly*, for plaintiff in error.

*Thomas B. Wall*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: On December 17, 1898, Nellie Bales instituted a bastardy proceeding in the name of the state against Albert Baker before a justice of the

peace of Sedgwick county. Baker was arrested and brought before the justice, and upon payment of eighty dollars, which was accepted by the prosecutrix, she acknowledged that provision for the maintenance of the bastard child had been made to her satisfaction, and that admission was formally entered upon the docket of the justice and the prosecution dismissed. After the settlement and discharge, and on July 1, 1899, a second prosecution was begun by the prosecutrix against Baker in the Wichita city court, in which the county attorney participated, and the defendant was recognized to appear at the next term of the district court for trial. In the district court the defendant set up the first proceeding and discharge as a bar to the maintenance of the second. The state in reply admitted the institution of the first prosecution, the payment of the money by the defendant, the acknowledgment by the prosecutrix of satisfactory payment, and that her admission had been entered of record in the docket of the justice; but it was alleged that the county attorney did not participate in that prosecution and did not consent to the discharge of the defendant. It was also alleged that at the time of the discharge the prosecutrix was a minor of the age of seventeen years, and that after she became eighteen years of age she disaffirmed her action in the first proceeding and immediately brought the second one. The defendant moved for judgment in his favor on the pleadings, which motion was allowed and the defendant discharged.

The question presented for determination in this review is whether the first prosecution, the admission by the prosecutrix that satisfactory provision had been made for the maintenance of the child, and the entry of record of the admission, together with the

discharge of the defendant, are a bar to further prosecutions.   The statute provides that ''The prosecuting witness may at any time before final judgment dismiss such suit, if she shall enter of record an admission that provision for the maintenance of the child has been made to her satisfaction. Such entry shall be a bar to all other prosecutions for the same cause and purpose.''   ( Gen. Stat. 1901, § 3335.)   It is conceded that, under the provision quoted, the first prosecution, the record admission of the prosecutrix and the discharge of the defendant constitute an effectual bar to this prosecution, unless the absence of the county attorney and the minority of the prosecutrix save it from the bar.   The contention on behalf of the state is that, under the general provisions of the statute, the contract or release of a minor is not binding if it is disaffirmed after majority is reached, and that the entry of satisfaction by a minor ought not to bind the state, since neither the county attorney, nor any officer of the state, consented to the steps taken in the first proceeding.

It will be observed that the bastardy proceeding is wholly statutory, and in the statute we must find the solution of the questions raised by the state.   As has frequently been held, the proceeding authorized by the statute is not strictly civil or criminal, but partakes somewhat of the nature of both.   It has a procedure peculiar to itself, and, hence, the general provisions of the civil and criminal codes do not apply, except so far as they are made applicable by the statute itself.   ( Gen. Stat. 1901, §§ 3320–3341.)   Under the statute, no one can originate the proceeding except the mother of the bastard child, and she cannot do so unless she is an unmarried woman.  No distinction is made in the statute between adults and

minors, nor does it provide that a minor shall be represented by next friend or guardian. While the proceeding is brought in the name of the state on relation of the mother, and the county attorney is required to assist in the prosecution, he cannot institute the proceeding on his own motion, nor is his consent required to a settlement and dismissal of the prosecution by the mother. The statutes of some of the states provide that a settlement and dismissal by the prosetrix is not effectual without the consent of some public officer. Instead of such a limitation, our statute leaves it wholly to the option of the mother whether a proceeding shall be commenced at all, and she is given the exclusive discretion and power to terminate the prosecution. In view of the interest which the public has in the provision that is made for the support of bastard children, it would seem to be a prudent provision to give some public officer supervisory control of such proceedings, but that is a matter for the legislature and not for the courts. Whether minor or adult, the mother may begin the proceeding without the consent of any one, and may obtain a judgment without regard to whether she has reached majority or not. The minority of the prosecutrix would not be a good defense to a proceeding brought by her, and that being true, a judgment rendered in such case that is free from fraud is necessarily binding on the plaintiff.

The judgment of dismissal based on an admission of record of the prosecutrix is a judicial proceeding, and can no more be disregarded than a judgment against the defendant making an award for maintenance and education and fixing the times and terms of payment. The statute expressly provides that *any* unmarried woman who is the mother of a bastard

child may begin the proceeding, and may dismiss it if she shall enter of record that provision for the maintenance of the child has been made to her satisfaction. Such an entry and dismissal made at any time before final judgment are "a bar to all other prosecutions for the same cause and purpose." No exception is made in the statute of proceedings brought by minors, and the court would not be justified in engrafting such a provision, or one requiring the consent of the county attorney, upon it. , (*Gleason, Sheriff, v. Comm'rs of McPherson Co.*, 30 Kan. 492, 1 Pac. 384, 2 Pac. 644.) Of course, if the admission and dismissal had been obtained by deception and fraud they would have no binding force ; but here no fraud or overreaching of the prosecutrix is alleged, and, as we have seen, the only ground for ignoring and avoiding the admission and dismissal was the minority of the prosecutrix and the absence of the county attorney. To sustain its contention, the state relies largely on *State v. Baker*, 89 Iowa, 188, 56 N. W. 425, in which it was held that a settlement made by a minor was not a bar to an action subsequently brought by the state to recover the support for the bastard child. In that case, however, the agreement was not made in connection with the prosecution. It was an agreement out of court by the mother that she would not assert that the defendant was the father of the child, and it was alleged that the agreement was obtained by fraud. Under the statute of Iowa any one may institute the proceeding, but no provision is made by which the mother can control or terminate the prosecution. Since no action was pending when the attempted settlement was made by the mother, and since the statute of Iowa did not, as in this state, authorize the mother to terminate the proceeding, and provide that the dismissal

would constitute a bar to other prosecutions, the case is of little. authority here. In support of the view that the first prosecution, including the dismissal, is a bar to the second, we cite *State, ex rel. Creighton, v. Carlisle,* 52 N. E. (Ind.) 711; *Commonwealth v. Weaver,* 9 Pa. Dist. 427.

The judgment of the district court will be affirmed.

DOSTER, C. J., CUNNINGHAM, ELLIS, JJ., concurring.