No. 19,474.

THE STATE OF KANSAS, ex rel. MARY AGNES WILLIAMS, *Appellee*, v. JAMES HERBERT, Jr., *Appellant*.

#### SYLLABUS BY THE COURT.

1. ILLEGITIMATE CHILD—*Amount Allowed for Its Maintenance within Judicial Discretion.* The amount of payment to be required in a bastardy proceeding is such as to the trial court may seem just, after considering all the facts and circumstances, for securing the maintenance and education of the child. *Held,* that the order in this case does not appear to have been an abuse of discretion.

2. SAME—*Defendant Not Entitled to Jury Trial.* In a proceeding of this kind, the defendant is not entitled to a jury trial as a matter of right, and its denial was not error.

Appeal from Barber district court; PRESTON B. GILLETT, judge. Opinion filed November 6, 1915. Affirmed.

*Samuel Griffin,* of Medicine Lodge, *J. W. Culwell,* of Beaver, Okla., and *Charles Swindall,* of Woodward, Okla., for the appellant.

*S. M. Brewster,* attorney-general, and *John L. Hunt,* assistant attorney-general, for the appellee; *A. L. Noble,* of Winfield, of counsel.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from a judgment rendered against him in a bastardy proceeding, and assigns error upon the amount of the payments required, alleging them to be excessive, and upon the ruling denying him a jury trial.

The trial court considered the age, education, property and environment of the defendant and concluded that $150 a year in quarterly payments, until the child should reach the age of eighteen years, was reasonable, and provided for a lump sum payment at any time at the option of the defendant. The amount in such cases is within the sound discretion of the trial court and is to be such as, under all the circumstances, may seem just for securing the maintenance and education of the child, and it does not appear that this discretion was abused in this case. (Gen. Stat. 1909, § 4036; *Stahl v. The State, ex rel.,* 67 Kan. 864, 74 Pac. 238.)

The defendant was not entitled to a jury trial under section 10 of the bill of rights, which provides that:

"In all prosecutions, the accused shall be allowed . . . a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have, been committed."

Section 4026 requires that the prosecution be in the name of the state of Kansas on the relation of the prosecuting witness, and attention is called to the case *In re Rolfs, Petitioner,* 30 Kan. 758, 1 Pac. 523, holding that the constitution guarantees a trial by jury in all prosecutions; but in the same opinion it was said (p. 762), that this means a jury trial in all cases in which it existed prior to the adoption of the constitution, and it was held in *The State, ex rel., v. City of Topeka,* 36 Kan. 76, 86, 87, 12 Pac. 310, that the words "all prosecutions" mean all criminal prosecutions for violations of the laws of the state. It has long been settled that proceedings of this kind are civil rather than criminal. (*Gleason, Sheriff, v. Comm'rs of McPherson Co.,* 30 Kan. 492, 2 Pac. 644; *The State v. Baker,* 65 Kan. 117, 69 Pac. 170; *Poole v. French,* 71 Kan. 391, 80 Pac. 997; *Costigan v. Stewart,* 76 Kan. 353, 355, 91 Pac. 83.)

Section 279 of the civil code provides that issues of fact arising in actions for the recovery of money or of specific real or personal property shall be tried by a jury unless a jury is waived or a reference is ordered, and that all other issues of fact shall be tried by the court, subject to its power to submit any issue or issues to a jury. This proceeding is not one for the recovery of money in the ordinary sense, because the jury have nothing whatever to do with the amount of recovery, but only with the question of paternity. (Gen. Stat. 1909, §§ 4035, 4036.) Upon a finding of paternity by a jury or by the court, then the court makes the order, fixing the amount of payment to be required "payable at such time or times as may be adjudged proper."

Under the act of 1859 (Laws 1859, ch. 82, Compiled Laws, 1862, ch. 109), it was provided in section 5 that when the accused should plead not guilty "the court shall order the issue to be tried by a jury"; but when the statute was amended (Gen. Stat. 1868, ch. 47), section 11 was made to read as it now reads: "If the defendant in the district court deny the charge the issue shall be tried by the court or a jury" (Gen.

Stat. 1909, § 4034), which left it no longer imperative that a jury trial be had. No other provision being found entitling the defendant to a trial by jury on demand, its denial by the trial court in this case was not error.

The judgment is affirmed.