## STATE ex MAPES v BLACKBURN

Ohio Appeals, 2nd Dist, Franklin Co

No 3316. Decided May 17, 1941

Vincent Martin, Asst. Pros. Atty., Columbus, for plaintiff-appellee.

L. P. Henderson, Columbus, for defendant-appellant.

### OPINION

BY THE COURT:

This action had its inception in the court below upon the complaint of the prosecuting witness that the defendant Arlie Blackburn was the father of her bastard child. The case was tried before a jury. The jury found the defendant to be guilty. The defendant filed a motion for judgment non obstante and also motion for new trial. Both were overruled and the Court entered judgment upon the verdict for $125.00 for medical care and ordered that the defendant pay to the complainant the sum of $3.00 per week as a reasonable support for the child. The defendant gave notice of appeal to this court.

As is usual in actions of this nature there is a diversity of testimony, the woman testifying that the man is the father of her child and the man denying it. In this case the child was born on the 22nd day of February, 1939. The defendant frankly admits that he had

intercourse with the woman on numbers of occasions but asserts that the last relation he had with her was on the 17th day of April. The jury was confronted with the fact that the child was born and its duty was confined to find whether or not the defendant was the father. The woman in question was promiscuous in her amours.

The defendant sought to escape judgment by proving that there were a number of other men who had such relations with the woman, that some other than himself might well have been the father of the child. The burden was upon the jury who was to determine "who is who", and the evidence was abundant supporting the verdict. Such cases are eminently jury cases and should not be disturbed on the weight of the evidence when it is disclosed that there were relations between the party charged and the complaining witness, and the only defense is that there may have been others or that the time of intercourse between the man and the woman did not exactly fit in with the date of the birth of the child.

Judgment below affirmed. Cause remanded.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.

## APPLICATION FOR REHEARING

No 3316. Decided May 29, 1941

Ralph J. Bartlett, Pros. Atty., Columbus, E. B. Paxton, Asst. Pros. Atty., Columbus, for plaintiff-appellee.

L. P. Henderson, Columbus, for defendant-appellant.

BY THE COURT:

An application for rehearing is filed in which defendant's attorney states that it should have a rehearing for the reason, first, that in reading the bill of exceptions, the court evidently failed to consider that important bit of evidence marked exhibit "A", which is the affidavit of the complainant to the effect that the defendant is not the father of her child. We will admit that this affidavit did not come to our attention. Young women who charge one with being the father of their bastard child, when they are under pressure, make contradictory statements. She filed her complaint on September 19, 1938. The affidavit was made on the 2nd of August, 1938, and of course was available to the defendant for whatever purposes it could be properly used. It may well be that in the uncertainty of the complainant's amorous life she was honestly of the opinion that Blackburn was not the father of her child. Nevertheless the case was tried upon the ground that he was, and she at the trial so testified. No doubt Blackburn was highly pleased to get this affidavit, but it seems to have failed him under the scrutiny of the jury. While we did not observe this affidavit before, yet we do not now feel that it should cause us to grant a rehearing.

Second, that the Court failed to consider authorities cited. While the Court may not comment upon all authorities cited, yet it always examines the same when pertinently cited.

We have re-read the case of State ex rel v Bereda, 8 Abs 581, and do not find that it justifies the granting of the application. The facts therein stated have no relation to the facts in this case.

Application for rehearing denied.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.