**STATE, ex rel. LOVE, Plaintiff, v. JONES, Defendant.**

Common Pleas, Court, Hamilton County.

No. 35292.   Decided March 17, 1953.

Edward Benson, Cincinnati, for plaintiff.
Julian R. Forney, Cincinnati, for defendant.

## OPINION

By BELL, J.

Two questions, other than the guilt of the defendant, have been raised;

**First:** Can a proceeding in bastardy be instituted and maintained in the name of the State of Ohio?

**Second:** Can the proceeding be instituted and maintained by the complainant while she is a minor?

By virtue of the provisions of the bastardy statutes, prior to 1953 the state was the only interested party, the only purpose of the proceeding being to provide for the maintenance and support of the bastard child. The proceeding was not for the benefit of the mother. The law at that time regarded both the mother and father as equally in fault, and was only solicitous to provide for support of the innocent child. (**Perkins v. Mobley, 4 Oh St, 668.**)

In 1923 the Legislature (**110 O. L., 296**) rewrote the bastardy act and radically changed the proceeding. By that act the Legislature authorized such a proceeding for the sole benefit of the mother of the child, and since that time the state has had no interest in any bastardy proceeding.

In **Pammull v. State, ex rel., 22 Oh Ap, 34,** the question presented was whether a charge to a jury in a bastardy case in which it was stated: "This proceeding is a statutory remedy provided by our law, not wholly in the interest of and for the benefit of the prosecutrix, **but another object and purpose is**

to protect the state and county against the possible necessity to care for a child that may be illegitimate" (emphasis added) was erroneous and prejudicial. It was held that the rights of the state or the county were not affected by the verdict of the jury or the judgment of the court. The conclusion reached was that such a charge was both erroneous and prejudicial, and the judgment was reversed.

That case was decided in 1926, shortly after the act of 1923, and although today the sections are differently numbered, they provide substantially the same procedure as was provided by the act of 1923.

Under the present statutory provisions on the subject of bastardy, the Supreme Court in 1951 was called upon to consider and determine whether the state was an interested party.

In **Freeman v. Morris, 156 Oh St, 333, 46 O. O. 188, paragraph** 2 of the syllabus reads as follows:

"2. In a bastardy proceeding, the sole issue to be determined is whether the defendant is the father of complainant's child. A statement in the court's charge, that, 'the state of Ohio is interested in that the child not become a charge on the community so you see that it is not only Miss Freeman who is interested in the outcome of this case but it is also the state of Ohio,' is erroneous and prejudicial to the defendant."

At page 338 Judge Matthias uses this language:

"The single issue to be determined by the jury was the question of fact whether the defendant is the father of complainant's child. That was the only issue to be submitted to the jury, and the defendant was entitled to have that issue submitted clearly and distinctly without the accompanying extraneous statement in the court's charge, which is as follows:

"The state of Ohio is interested in that the child not become a charge on the community so you see that it is not only Miss Freeman who is interested in the outcome of this case but it is also the state of Ohio."

"The inclusion of such statement in the court's charge was erroneous and prejudicial."

In the case of **State, ex rel. Gill v. Volz, 156 Oh St, 60. 45 O. O. 63,** the Supreme Court traced the history of the bastardy statutes and the previous decisions of the court under those statutes, and concluded that while a bastardy proceeding partakes of some features of a criminal prosecution and some features of a civil action, it is to all intents and purposes a civil proceeding.

In the case of **Duncan v. The State, ex rel. Williams, 119 Oh St, 453, paragraph 2** of the syllabus reads as follows:

"2. A bastardy proceeding is subject to the procedure provided

598

in the code of civil procedure, and a judgment rendered in such a proceeding can only be reviewed if an error proceeding is filed within seventy days from the date of the entry of judgment in the court from which such error proceeding is prosecuted."

There being no provision in the bastardy act for any appeal, the court held that an appeal was governed by the Code of Civil Procedure.

The statutes (§8006-1 to §8006-24 GC) and the decisions of the Supreme Court make it abundantly clear that the state is in nowise interested in a bastardy proceeding; and further that the Code of Civil Procedure applies to such a proceeding in the absence of some specific provisions in the bastardy act.

No specific provision is contained in the bastardy act which grants the right to institute the action in the name of the State of Ohio.

**Sec. 11241 GC,** provides in part:

"An action must be prosecuted in the name of the real party in interest. * * *"

It being clear that to charge that the State of Ohio is interested in the outcome of the proceeding is erroneous and prejudicial, it seems equally clear that to permit the papers captioned State of Ohio ex rel. v. defendant to be seen and examined by the jury during its deliberations would be equally erroneous and prejudicial.

Prior to the act of 1923, the proceeding was for the benefit of the state. It was brought in the name of the state and prosecuted by the state. Since 1923 the theretofore practice of bringing the action in the name of the state on the relation of the complainant, in most jurisdictions in this state has been continued. In my judgment, coupling the statute (§11241 GC) and the decisions, it follows that a bastardy proceeding must be instituted and maintained in the name of the complainant and not in the name of the State of Ohio.

Coming now to the second question.

"Can the proceeding be instituted and maintained by a minor?"

**Sec. 8006-3 GC,** provides:

"In case of the death or **disability** of an unmarried woman who would otherwise be eligible to make complaint as provided in §8006-1 to §8006-23, inclusive, GC, the executor or administrator of her estate, her guardian, a probation officer of the juvenile court, or a representative of the division of social administration acting as her guardian ad litem whether she

be of age or not, may make and prosecute the complaint as if prosecuted by the mother herself. Such probation officer or representative acting as guardian shall be entitled to receive any sum paid by way of settlement or under order of court as trustee for the use of such unmarried woman, and to expend it in such manner as the court may order. Such executor or administrator shall be entitled to recover upon any bond or security given in accordance with said sections, for the benefit of the estate of such unmarried woman." (Emphasis added.)

The important word in this section so far as this case is concerned, is the word "**disability**." The word in its ordinary acceptation is one of broad meaning. A person who has lost a leg or an arm, or is blind or deaf, is under a disability, but such disabilities are not recognized as legal disabilities. When the word "disability" is used in a legal sense, it has a more restricted meaning. The two principal legal disabilities are insanity and minority.

A careful study of the above quoted section would indicate that if the mother be dead the proceeding must be instituted by her executor or administrator; or if she be under some legal disability such as insanity or minority, then the proceeding must be instituted by her guardian, a probation officer of the Juvenile Court, or a representative of the division of social administration acting as her guardian ad litem. The language of the section negatives the idea that a minor may institute and prosecute the proceeding. However, the plaintiff relies upon the case of **Durst v. Griffith, 43 Oh Ap, 44.** If the statement in the headnote of that case be the law, then no guardian is necessary for a minor in a bastardy proceeding.

In the Durst case, both the complainant and the defefndant were minors. Paragraph 3 of the headnotes reads as follows:

"A minor complainant in a bastardy proceeding may institute the proceeding without the intervention of a next friend and no guardian ad litem is required for a minor defendant."

The court cited cases from other jurisdictions where the question of the right of a minor complainant to maintain a bastardy proceeding is discussed and decided. As stated, in most of those cases each turns upon the provisions of the local statutes.

In some states bastardy is defined by statute as a criminal prosecution (see: Hanna v. State, 60 Ala., 100; Miller v. State, 110 Ala., 67; Deller v. State, 22 Ind. App. 385). In Ohio and some of the other states it is treated as a special proceeding, partaking of certain attributes of a criminal prosecution and certain attributes of a civil action. It is often designated as quasi-criminal. (See: **Pammull v. State, ex rel.,**

22 Oh Ap, 34; Duncan v. State, ex rel., 119 Oh St, 453; State v. Volz, 156 Oh St, 60; Freeman v. Morris, 156 Oh St., 333.)

In the Durst case the court followed the doctrine pronounced by the Supreme Court of Kansas in the case of State, ex rel. Bales v. Baker, 65 Kan., 117, in which it was held that the Kansas statute made no distinction between adults and minors; that it does not provide that a minor shall be represented by next friend or guardian, and that no guardian was necessary.

The Baker case, supra, was modified in State, ex rel. v. Jehlik, 66 Kan., 301 at 303 in which the court said:

"The statute it is true, provides that 'any unmarried woman,' may institute an action, and such terms without qualification are broad enough to include idiots and lunatics. There is language, however, employed in the same connection which clearly implies that only rational beings were within the contemplation of the legislature."

In State, ex rel. Dietrich v. Murphy, 120 Kan., 350, the syllabus reads as follows:

"1. Bastards; maintenance and support—procedure. The statute pertaining to illegitimate children provides in part, a procedure of its own. To the extent it does so, that procedure must be followed; to the extent it does not do so, the procedure of the civil code applies.

"2. To institute a proceeding under the statute pertaining to illegitimate children is tantamount to commencing an action under the civil code."

It is doubtful whether the Baker case, supra, is still the law of Kansas.

All of the six cases cited by Judge Mauck in the Durst case are to be found in the annotation to Easton v. Eaton, 112 Maine, 106, set forth in 52 L. R. A. (N. S.), 800.

In the Easton case it was held that as bastardy is a civil proceeding, it is reversible error to permit a bastardy case to be prosecuted against a minor without the appointment of a guardian.

Reverting to the Durst case, after stating, "We follow the doctrine of that case" (State, ex rel. v. Baker, supra), the court goes into a discussion of the then §11252 GC, and concludes that that section had no application to a bastardy proceeding.

Apparently §12134 GC, then in full force and effect, which section is now numbered §8006-3 GC, heretofore quoted, was not called to the attention of the court.

In Hobson, In re, 44 Abs, 86, Judge Hornbeck of the Second District Court of Appeals in a concurring opinion used this language:

"The basic difficulty with the proceeding under consideration is that the court was dealing with a minor who in law is presumed not to be qualified to determine for herself her own legal rights. Here was a mother in dire extremity, and as she was a minor, the law, to protect her, places certain safeguards around her."

In that case a Juvenile Court made an order depriving a mother who was a minor, of the custody of her child, and in reversing that order the quoted language was used.

Judge Hornbeck also points out that "there is apparent conflict between this adjudication (Durst case) and the Supreme Court cases which we have heretofore cited."

In my judgment, had §12134 GC then in force (now §8006-3 GC) been called to the court's attention, the conclusion contained in headnote number 3 (heretofore quoted) would not have been reached.

To me, the conclusion is irresistible that a bastardy proceeding cannot be instituted or maintained in the name of the State of Ohio, nor can such a proceeding be instituted or maintained by a minor complainant.

It follows that this case must be dismissed without prejudice to the institution of a proper proceeding in accordance with law.