WELLS, APPELLEE, *v.* FULTON, JR., APPELLANT.

(No. 2262—Decided November 13, 1953.)

*Mr. T. L. Barger,* for appellee.
*Mr. Joseph J. Freemas,* for appellant.

WISEMAN, P. J.   This is an appeal on questions of law from the judgment of the Common Pleas Court of Montgomery County, Ohio, Division of Domestic Relations, in a bastardy proceeding in which the jury rendered a verdict of guilty.

The defendant, appellant herein, assigns as error that the verdict is against the manifest weight of the evidence; that plaintiff failed to prove defendant's guilt by a preponderance of the evidence; that the

court erred in overruling the defendant's motion for a new trial; and that the action is improperly brought in the name of the state of Ohio.

On the principal factual issue, i. e., whether the complainant and defendant had sexual relations about the time the child was conceived, there was a direct conflict in the evidence. The jury had the right to believe the complainant and disbelieve the defendant. In returning a verdict of guilty the jury apparently believed the complainant and accepted the evidence adduced by complainant which tended to corroborate her testimony. The verdict was not against the manifest weight of the evidence, and we cannot say that it was not sustained by the preponderance of the evidence. The motion for new trial was properly overruled.

The defendant claims that the proceeding was improperly brought, contending that the plaintiff was designated as State of Ohio, ex rel. Shirley M. Wells. The record does not support this contention. Neither the affidavit nor the warrant for arrest states that the proceeding is brought in the name of the state. The form of the verdict which was submitted to the jury was captioned "Shirley M. Wells, Plaintiff, v. Johnny Fulton, Jr., Defendant." The words, "The State of Ohio," printed on the form of verdict were stricken out. No papers were submitted to the jury which indicated that the state of Ohio was a party. The facts in this case are dissimilar to the facts in the case of *State, ex rel. Love,* v. *Jones,* 65 Ohio Law Abs., 595, 111 N. E. (2d), 607, decided by Judge Bell of the Common Pleas Court of Hamilton County on March 17, 1953. In that case it appears that the papers were captioned "State of Ohio ex rel. v. Defendant." Judge Bell held that to so caption the papers, and for the jury to see and examine the papers during its deliberations, were erroneous and prejudicial. Judge Bell, in an-

alyzing the statutes, concluded that while prior to 1923 a proceeding in bastardy was for the benefit of the state of Ohio, and that such proceeding was properly brought in the name of the state, since 1923 the state of Ohio is not an interested party, and the proceeding must be instituted and maintained only by the complainant. In that case it appears that the proceeding was instituted in the name of the state. The court held that such a proceeding cannot now be instituted or maintained in the name of the state, and that prejudicial error intervened.

In the case at bar the only papers designated "State of Ohio ex rel. Shirley M. Wells" are those papers drawn by counsel and the clerk, which were never presented to the jury and therefore the jury' could not have been prejudiced in arriving at its verdict. The proceeding was properly instituted, and the fact that counsel, in filing motions and entries, improperly captioned the case, would not in any way vitiate the verdict and judgment. The words "State of Ohio, ex rel." in the caption of the judgment entry should be and are hereby stricken. With this modification the judgment is affirmed.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.