LEDFORD, A MINOR, APPELLEE, *v.* WARD, APPELLANT.

(No. 2440—Decided October 8, 1957.)

*Mr. Selwyn C. Jackson,* for appellee.
*Messrs. Finkelman & Ross,* for appellant.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County, Division of Domestic Relations, in a bastardy proceeding in which the jury returned a verdict of guilty against the defendant, appellant herein.

The defendant's sole assignment of error is the overruling a motion for new trial, the defendant contending that the verdict was against the manifest weight of the evidence.

We have carefully examined the entire record and have considered the contentions of counsel. The defense was an alibi, which was to some extent weakened on cross-examination of the defendant. The defendant admitted having sexual intercourse with the complainant but not at the exact time claimed by the complainant. He fixed the time at about two months prior to conception. Also, the defendant claimed that he was not the father of the child for the reason that at about the time of conception the complainant had sexual intercourse with another man. This man was called as a witness for the defense, and on cross-examination this witness testified that his relations with complainant occurred about two months prior to the date of conception.

There was a definite conflict in the evidence on the principal factual issue. It was the peculiar province of the jury to weigh the evidence and determine the credibility of the wit-

nesses. If the jury believed the complainant, it was its duty to return a verdict of guilty. The facts in this case bear a striking similarity to the facts in *Wells* v. *Fulton, Jr.,* 96 Ohio App., 178, 121 N. E. (2d), 437 (Court of Appeals of the Second Appellate District), the opinion of which we approve and follow. The first paragraph of the syllabus is as follows:

"In a bastardy proceeding where there is a direct conflict in the evidence as to whether complainant and defendant had sexual relations about the time the child was conceived, the question is one for the jury, and it is the jury's prerogative to believe the complainant and disbelieve the defendant."

In *State, ex rel. Mapes,* v. *Blackburn,* 35 Ohio Law Abs., 133, 40 N. E. (2d), 168 (Court of Appeals of the Second Appellate District), the headnote is as follows:

"In a bastardy proceeding, the innocence or guilt of the accused is generally a question for the jury whose determination should not be disturbed on the weight of the evidence where it appears that there were improper relations between the party charged and the complaining witness, and the only defense is that there may have been others or that the time of such relations did not exactly coincide with the date of the birth of the child."

See, also, 7 Ohio Jurisprudence (2d), 471, Section 41.

We do not find the verdict to be against the manifest weight of the evidence. The motion for new trial was properly overruled.

No error appearing in the record prejudicial to the rights of the appellant, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and CRAWFORD, J., concur.