WADDELL *v.* STATE.

5-2666                                              357 S. W. 2d 651

Opinion delivered June 4, 1962.

*Paul K. Lewis, Jr.,* for appellant.

*Frank Holt,* Atty. General by *Dennis W. Horton,* Asst. Atty. General, for appellee.

SAM ROBINSON, Associate Justice. This action was filed in the County Court of Randolph County alleging that Eula Ray Meeks was pregnant by appellant, Cleo Waddell, Jr. The case was tried, the child having been born in the meantime, and it was the judgment of the Court that appellant is the father. Appellant appealed to the Circuit Court, and there filed a motion that the cause be tried before a jury. The motion was overruled, the case was tried before the Court without a jury, and

there was a finding that appellant is the father of the child. A judgment was entered accordingly, and Waddell has appealed.

There is only one issue raised on appeal, and that is whether the Circuit Court erred in denying the appellant a trial by jury. Prior to the year 1955, the Statutes of Arkansas provided for jury trials in bastardy proceedings in the County Court, when requested. Ark. Stats. 34-705. But, by Act 374 of 1955 (Ark. Stats. 34-705, as amended) the right of a jury trial in the County Court was abolished. We now have no statute specifically providing for jury trials in bastardy proceedings in any court.

At common law there was no provision to affiliate a bastard child, but the common law in that respect has been changed by statute. Ark. Stats. 34-702. In 31 Am. Jur. 19, it is said: "Generally, no one has a constitutional right to a trial by jury of any action not so triable when the Constitution was adopted. . . . However, the right exists not only in cases in which it existed at common law and at the time of the adoption of the constitutional provisions preserving it, but it exists in cases substantially similar thereto, in which it would have existed had they been known to the common law."

The weight of authority is that a party is entitled to a jury trial in a bastardy proceeding when the request for such a trial is made. 7 C. J. 997. *Trawick* v. *Davis,* 4 Ala. 328; *Stone* v. *State, ex rel, Milhorn,* 33 Ind. 538; *Anderson* v. *State,* 42 Okla. 151.

Whether the one charged is the father of the illegitimate child is a question of fact. Ark. Stats. 27-1704 provides: "Issues of law must be tried by the Court. Issues of fact, arising in action by proceedings at law for the recovery of money, or of specific real or personal property, shall be tried by a jury unless a jury trial is waived." Bastardy is a subject of civil proceedings. *State* v. *Blackburn,* 61 Ark. 407, 33 S. W. 529.

This is essentially an action at law for the recovery of money. The appellant is entitled to a jury trial on the issues of fact.

Reversed and remanded for new trial.