**Linda Ann SMITH, Respondent,**

v.

**Michael BAILEN, Petitioner.**

**No. 47416.**

Supreme Court of Minnesota.

Sept. 2, 1977.

Richard H. Knutson, St. Paul, for petitioner.

William B. Randall, County Atty., Daniel J. Buivid, Jr., Asst. County Atty., St. Paul, for respondent.

Minn. State Bar Association, Minneapolis, Family Law Comm., Stephen J. Guy, William E. Haugh, and Barbara G. Roberts, Student, St. Paul, amicus curiae.

MacLAUGHLIN, Justice.

This is a paternity action commenced by plaintiff, Linda Ann Smith, against defendant, Michael Bailen, pursuant to Minn.St. 257.251, et seq. Smith demanded that Bailen be adjudged the father of her child born out of wedlock on November 29, 1975, and that judgment be entered against him for the expenses of her pregnancy and delivery and for the child's expenses of support, maintenance, and education. Bailen denied paternity and the case came on for trial on December 14, 1976. At that time plaintiff withdrew her previous request for a jury trial and moved that the case be tried to the court without a jury. The trial court, over Bailen's objection, granted plaintiff's motion for a court trial but also granted a continuance so that Bailen could petition this court for a writ prohibiting the trial court from denying Bailen a jury trial. After an en banc hearing we have determined that the writ shall issue because Bailen is entitled to the jury trial which he seeks.

There is a right to a jury trial in a civil action only (a) where it is conferred by statute, or (b) where it is provided by the constitution. 50 C.J.S., Juries, § 16a. Paternity actions in Minnesota consistently have been regarded as civil in nature. See, *State ex rel. Nelson v. Nelson*, 298 Minn. 438, 216 N.W.2d 140 (1974); *State v. Sax*, 231 Minn. 1, 42 N.W.2d 680 (1950); *State v. Worthingham*, 23 Minn. 528 (1877).

Prior to amendments made by the legislature in 1971, specific reference to a jury trial was contained in Minn.St.1969, § 257.-23 (part of the statutory chapter covering illegitimacy), which provided in relevant part:

"Upon the trial in district court the judge may at his discretion exclude the general public from attending at such trial and shall do so at the request of either party. *The examination taken before the justice or judges of the municipal court shall in all cases be read to the*

*jury when demanded by the defendant. * * * *"* [1] (Emphasis supplied.)

█ Plaintiff maintains that the 1971 amendments, which, among other things, repealed Minn.St.1969, § 257.23, and thereby deleted any reference to trial by jury in the current illegitimacy statutes, indicated a clear intention on the part of the legislature to remove the right to a jury trial. However, we need not consider plaintiff's argument, which is based upon an alleged lack of statutory basis for jury trial, because we have concluded that Bailen has a constitutional right to such a trial.

In Minnesota the constitutional right to a jury trial in civil actions is derived from Minn.Const. art. 1, § 4, which provides in pertinent part:

"The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy. A jury trial may be waived by the parties in all cases in the manner prescribed by law. * * *"

We have interpreted this section of the constitution in a line of cases beginning with *Whallon v. Bancroft,* 4 Minn. 109, 113 (Gil. 70, 74) (1860):

"The effect of this clause in the constitution is, *first,* to recognize the right of trial by jury as it existed in the Territory of Minnesota at the time of the adoption of the state constitution; and *second,* to continue such right unimpaired and inviolate. It neither takes from or adds to the right as it previously existed, but adopts it unchanged. *Wherever the right of trial by jury could be had under the territorial laws, it may now be had, and the legislature cannot abridge it;* and those cases which were triable by the court, without the intervention of a jury, may still be so tried." (Emphasis supplied in part.)

See, also, *Morton Brick & Tile Co. v. Sodergren,* 130 Minn. 252, 153 N.W. 527 (1915); *Schmidt v. Schmidt,* 47 Minn. 451, 50 N.W. 598 (1891).

Bailen's constitutional right to a jury trial thus depends on whether that right existed in paternity proceedings under the laws of the territory of Minnesota at the time our state constitution was adopted, and for that reason must remain inviolate. Rev. Stat. (Terr.) 1851, c. 22, § 6, enacted 7 years before Minnesota became a state and entitled "Of The Support Of Bastards," provided:

"Upon the trial of the cause, the mother of the bastard shall be admitted as a witness, unless she shall have been convicted of a crime which would by law render her incompetent, as a witness in any other suit; and the issue shall be whether the accused is guilty or not guilty; and if he shall be found guilty, or if he shall admit the truth of the accusation, he shall be adjudged to be the father of such child, and shall stand chargeable with the maintenance thereof, in such sum or sums, or in such manner as the court may direct, and the payment of all the costs of prosecution; *and the examination taken before the justice shall in all cases be read to the jury, when the reading of the same shall be demanded by the accused.*" (Emphasis supplied.)

The person adjudged to be the father of a child was liable under the 1851 statute for "the payment of all expenses incurred by such county, for lying in and attendance upon the mother of such child, during her sickness, and also for the care and support of such child * * *." Rev.Stat. (Terr.) 1851, c. 22, § 7.

On October 13, 1857, the voters in the territory which was shortly to become the State of Minnesota adopted our original constitution, and on December 3, 1857, the legislature convened to enact the proposed laws of the new state. On May 11, 1858,

---

1. The examination referred to was provided in Minn.St.1969, § 257.20: " * * * On the return of the warrant with the accused, the justice or judge shall examine, under oath, the complainant, and such other witnesses as may be produced by the parties, respecting the complaint, and shall reduce such examination to writing. He may, at his discretion, and, at the request of either party, shall, exclude the general public from attendance at such examination."

the Congress of the United States approved the Minnesota State Constitution as it had been amended during the preceding legislative session and Minnesota was admitted to the union. See, generally, *A Minnesota Chronicle*, Minnesota Legislative Manual (1975–1976), pp. 24 to 66.

Pub.Stat.1858, c. 19, entitled "An Act to provide for the support of Bastard Children" continued without change the provisions of Rev.Stat. (Terr.) 1851, c. 22, including the requirement in § 6 that an examination of the putative father "shall in all cases be read to the jury, when the reading of the same shall be demanded by the accused."

Based upon the foregoing there can be no question that the right to a jury trial in paternity actions existed under the territorial laws at the time of the adoption of the state constitution. Therefore, that right must remain unimpaired and inviolate unless the legislature has made such substantial changes in the cause of action, and the remedy provided, that it can fairly be said that the cause of action no longer exists as it did when the constitution was adopted. We explained that exception to the general rule in *Breimhorst v. Beckman*, 227 Minn. 409, 434, 35 N.W.2d 719, 734 (1949):

> " * * * In substituting a new, adequate, and fundamentally different remedy upon a cause of action for one for which there was originally at common law a remedy involving the right of trial by jury, the legislature may withhold the right of jury trial."

It is clear, however, that the legislature has not substituted a new and fundamentally different remedy upon this cause of action. The relief provided upon a determination of paternity under the present statute is substantially similar to that provided by Rev.Stat. (Terr.) 1851, c. 22, and by Pub.Stat.1858, c. 19. Under Minn.St. 257.-251, the person adjudged to be the father of a child born out of wedlock is liable for "the reasonable expense of the mother's pregnancy and confinement, including her suitable maintenance for not more than eight weeks next prior and not more than eight weeks thereafter, and for the education,

necessary support and funeral expenses of the child," while under the laws in effect at the time of the adoption of the constitution the person adjudged to be the father was responsible for expenses "for lying in and attendance upon the mother of such child, during her sickness, and also for the care and support of such child * * *." Rev. Stat. (Terr.) 1851, c. 22, § 7.

Further, while the previous statutory procedure called for the service of a "warrant" upon the putative father and referred to him as the "accused" [Rev.Stat. (Terr.) 1851, c. 22, § 1, et seq.; Minn.St.1969, § 257.18, et seq.], and the present statute provides for service of a "civil summons" and "verified complaint" upon the "defendant," we have consistently declared that paternity proceedings are civil actions. The mere changing of terms in a cause of action should not result in denial of the constitutional right to a jury trial when the legislature has not substituted a fundamentally different remedy upon the cause of action. We hold that there has been no such fundamental substitution of remedy in paternity proceedings.

Since the right to jury trial in a paternity action existed at the time of the adoption of our constitution, and since the action and remedy remain fundamentally unchanged under the present statutory scheme, we hold that a defendant in a paternity action is constitutionally entitled to a jury trial.

The writ shall issue.

KNUTSON, J., took no part in the consideration or decision of this case.