**Diana HYATT, Plaintiff and Respondent,**

v.

**Mike HILL, Defendant and Appellant.**

No. 19899.

Supreme Court of Utah.

Jan. 20, 1986.

Don Blackham, West Valley City, for defendant and appellant.

Mary C. Corporan, David S. Dolowitz, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

On interlocutory appeal, defendant challenges the denial of his petition for a jury trial in a paternity case. We affirm.

On January 12, 1983, plaintiff filed an action seeking a declaratory judgment that defendant was the father of plaintiff's child. Plaintiff also sought judgment for the costs of plaintiff's hospital and medical care during pregnancy and delivery and for $150 per month child support.

Defendant filed a demand for a jury trial. The district court denied the demand, ruling that there is no entitlement to a trial by jury in a paternity case. Defendant petitioned this Court to allow an interlocutory appeal on the issue of whether defendant had a right to a jury trial in a paternity action. This Court granted the petition.

The proceeding involved in the present case was brought pursuant to Utah's Uniform Act on Paternity, U.C.A., 1953, §§ 78–45a–1 to –17.[1] A paternity proceeding is a civil proceeding [2] brought to determine the identity of the father of an illegitimate child, to provide support for that child, and to prevent the child from becoming a public charge.[3]

In *International Harvester Credit Corp. v. Pioneer Tractor & Implement, Inc.,*[4] this Court held that article I, section 10 of the Utah Constitution guaranteed the right to trial by jury on legal issues in civil cases.[5] The Court said that the proceedings of the Utah Constitutional Convention disclosed "a virtually unanimous intention on the part of the framers of the Constitution to *preserve* a constitutional right to trial by jury in civil cases." [6] (Emphasis

---

**1.** The Uniform Act on Paternity has no provision for jury trial and does not address the right to a jury trial in any fashion. The Uniform Act on Paternity has been adopted by only four other states: Kentucky, Ky.Rev.Stat. §§ 406.011 to .180 (1984); Maine, Me.Rev.Stat.Ann. tit. 19 §§ 271 to 287 (1964); Mississippi, Miss.Code Ann. §§ 93–9–1 to –75 (1972 & Supp.1985); New Hampshire, N.H.Rev.Stat.Ann. §§ 168–A:1 to –A:12 (1977 & Supp.1983). The alternate uniform act, the Uniform Parentage Act, in section 14(d), affirmatively states that trial shall be by the court without a jury. Fifteen states have adopted this uniform act. Some have deleted section 14(d). *See, e.g.,* Mont.Code Ann. § 40–6–115 (1985). Others have adopted it. *See, e.g.,* Wash.Rev.Code § 26. 26.120(5) (1985) (upheld as constitutional, *State ex rel. Goodner v. Speed,* 96 Wash.2d 838, 845–46, 640 P.2d 13, 17, *cert. denied,* 459 U.S. 863, 103 S.Ct. 140, 74 L.Ed.2d 119 (1982)).

**2.** *See Brown v. Marrelli,* Utah, 527 P.2d 230, 231 (1974) (bastardy cases are civil cases). *See also* Annot., 94 A.L.R.2d 1128, 1129 (1964) (in jurisdictions where the proceeding is to compel putative father to support his child, it is almost uniformly held to be civil in nature).

**3.** *People ex rel. Cizek v. Azzarello,* 81 Ill.App.3d 1102, 1105, 37 Ill.Dec. 84, 88, 401 N.E.2d 1177, 1181 (1980).

**4.** Utah, 626 P.2d 418 (1981).

**5.** *Welch Transfer & Storage, Inc. v. Oldham,* Utah, 663 P.2d 73, 75–76 (1983). *Cf. Coleman v. Dillman,* Utah, 624 P.2d 713, 716 (1981) (where issues are equitable in nature, a litigant is not entitled to a trial by jury as a matter of right).

**6.** *International Harvester Credit Corp.,* 626 P.2d at 419.

added.) In so saying, the Court recognized what has been held virtually unanimously by jurisdictions across the country: the constitutional right to a trial by jury is preserved and currently exists only in actions so triable when the constitution was adopted.[7]

The common law in this state prior to the adoption of the Utah Constitution did not afford a remedy to compel a putative father to contribute to the support of his illegitimate offspring. Further, such a right was not recognized in the Utah territorial statutes. Therefore, defendant has no constitutional right to a jury trial in this paternity action.

This is not to say that the legislature could not provide for trial by jury in paternity actions if it chose to do so.[8] In fact, Utah's bastardy statute, which was repealed in 1980, did provide for a jury trial.[9] The legislature, by repealing the bastardy statute, also repealed the included statutory right to a jury trial. No other Utah statute currently guarantees a right to a jury trial in paternity actions. In particular, the legislature did not provide for a jury trial in the Uniform Act on Paternity. Therefore, since there is no inherent constitutional right to a trial by jury in paternity proceedings in this state and the legislature has not provided for such a right by statute, defendant has no right to a trial by jury in this action.

DURHAM and ZIMMERMAN, JJ., concur.

HOWE, Justice (concurring in the result):

I concur in the result denying the defendant a trial by jury. However, I believe that the majority too narrowly construes article I, section 10 of the Utah Constitution to mean merely that "the constitutional right to a trial by jury is preserved and currently exists only in actions so triable when the constitution was adopted." The majority then reasons that because in 1895 when our constitution was adopted there was no action to require a putative father to contribute to the support of his illegitimate offspring, the defendant has no right to a jury trial in this paternity action. I believe that it was the intent of the drafters of section 10 to do more than simply preserve the right in actions existing at that time. I believe that it is reasonable and wise to construe constitutional provisions with sufficient flexibility to meet changing conditions and not freeze them entirely to practices of the past.

I prefer the construction of the jury trial guarantee in the Oregon constitution which was given to it by the Supreme Court of that state in *State v. 1920 Studebaker Touring Car*, 120 Or. 254, 251 P. 701, 50 A.L.R. 81 (1926). In that case, the question arose whether the owner of the automobile was entitled to a jury trial in an action brought by the state to forfeit her automobile because her husband had allegedly used it to transport a bottle of intoxicating liquor. In holding that the owner of the automobile was entitled to a jury trial, the court said:

> It is argued that these proceedings concern matters in respect to prohibitory laws enacted since the adoption of the Constitution, and for that reason are not within the guaranty of the Constitution, and that controversies concerning violations of them may be disposed of by the courts in any manner the Legislature sees fit to adopt. The answer to this

---

**7.** *E.g., Robertson v. Apuzzo*, 170 Conn. 367, 381, 365 A.2d 824, 831, *cert denied*, 429 U.S. 852, 97 S.Ct. 142, 50 L.Ed.2d 126 (1976); *Azzarello*, 81 Ill.App.3d at 1105, 37 Ill.Dec. at 88, 401 N.E.2d at 1181; *Miller v. Russell*, Mo.App., 593 S.W.2d 598, 604–05 (1979); *Speed*, 96 Wash.2d at 840–43, 640 P.2d at 14–16. *See also* Annot., 94 A.L.R.2d 1128, 1130–31 (1964) (and cases cited therein). *Cf. Smith v. Bailen*, Minn., 258 N.W.2d 118 (1977) (defendant in paternity action had constitutional right to jury trial where right to jury trial in such proceedings existed at the time of the adoption of the Minnesota Constitution).

**8.** *See, e.g., Robertson*, 170 Conn. at 381, 365 A.2d 824; *Azzarello*, 81 Ill.App.3d at 1106, 37 Ill.Dec. at 88, 401 N.E.2d at 1181.

**9.** U.C.A., 1953, §§ 77–60–1, *et seq.*, was repealed by Act of January 31, 1980, ch. 15, § 1, 1980 Utah Laws 110, 111.

contention is that the constitutional right of trial by jury is not to be narrowly construed, and is not limited strictly to those cases in which it had existed before the adoption of the Constitution, but is to be extended to cases of like nature as they may hereafter arise.

*Id.* 251 P. at 704. The court cited with approval *Colon v. Lisk,* 13 App.Div. 202, 43 N.Y.S. 369 (1897), where it was held that the right to jury trial was not limited to cases where such right had previously been afforded but embraced cases of the same class thereafter arising.

This broader construction of article I, section 10 is particularly justified since that section does not contain the restrictive wording of jury trial guarantees found in many state constitutions. Many of them contain the restrictive words that "the right to trial by jury shall remain inviolate" (Conn. Const. art. I, § 19; Wash. Const. art. I, § 21), or "the right of trial by jury as heretofore enjoyed shall remain inviolate" (Ill. Const. 1970, art. I, § 13; Mo. Const. art. I, § 22(a)). These provisions were the basis of the decisions in the case cited and relied upon in the majority opinion, footnote 7. However, article I, section 10 uses the word "inviolate" only in connection with capital cases. The intent of framers was that in capital cases, the jury should continue to consist of twelve jurors and the verdict had to be unanimous. As to non-capital cases, the right to trial by jury was assured without such restrictive language.

Utah's version of the Uniform Act on Paternity, U.C.A., 1953, § 78–45a–1 to –17, is silent on the right to trial by jury. Of the six states which have adopted this uniform act, in whole or in part, four states have added the right to trial by jury. (Ky. Rev.Stat. § 406.061; 19 Me.Rev.Stat.Ann. § 276; Miss.Code 1972 § 93–9–15; R.I.Gen. Laws 1956 § 15–8–8). The other two states, New Hampshire and Utah, did not add any provision for jury trial. In other states which have not adopted the uniform act but which have statutory provisions for paternity actions, jury trials are sometimes afforded on the theory that the action is quasi-criminal in nature. *Smith v. Robbins,* 91 Mich.App. 284, 283 N.W.2d 725 (1979). We have held our actions to be civil. *Brown v. Marrelli,* Utah, 527 P.2d 230 (1974). Arkansas affords jury trials in bastardy proceedings under a statute providing for the right to a jury trial in an action for the recovery of money. *Waddell v. State ex rel. Meeks,* 235 Ark. 293, 357 S.W.2d 651, 94 A.L.R.2d 1126 (1962). Kansas denies jury trials under a similar statute. *State ex rel. Williams v. Herbert,* 96 Kan. 490, 152 P. 667 (1915). In Utah, a statutory right to trial by jury would seem to be foreclosed by the wording of U.C.A., 1953, § 78–21–1, which provides:

> In actions for the recovery of specific real or personal property, with or without damages, or for money claimed as due upon contract or as damages for breach of contract, or for injuries, an issue of fact may be tried by a jury, unless a jury trial is waived or a reference is ordered.

A paternity action is none of the above.

I concur in denying the defendant a jury trial, not just because paternity actions did not exist in 1895 in this state, but on the ground that paternity actions are similar to divorce actions in that the issues of paternity, custody, visitation, and support are commonly raised and decided. Divorce actions existed at statehood, were considered equitable in nature, and no right to a jury trial existed. The defendant has not pointed out and I have been unable to find any case of like nature, or a case of the same class, as a paternity action which was tried by jury at the time our state constitution was adopted.

STEWART, J., concurs in the concurring opinion of HOWE, J.