No. 19,595.

THE STATE OF KANSAS, ex rel. LENA RISON, *Appellee*, v. EDWARD BROWNING, *Appellant*.

### SYLLABUS BY THE COURT.

1. ILLEGITIMATE CHILD—*Proof of Paternity—Child May be Exhibited to Jury.* In a bastardy proceeding exhibition of the child to the jury as evidence of paternity is a matter resting within the sound discretion of the trial court. If the exhibition would appreciably tend to promote the purpose of the proceeding it should be permitted, otherwise it should be forbidden. An exercise of the trial court's discretion can seldom be reviewed on appeal, and should the evidence afforded by an exhibition be weak or inconclusive or worthless the presumption on appeal would be that the jury gave it no more weight that it was entitled to receive.

Appeal from Brown district court; WILLIAM I. STUART, judge. Opinion filed November 6, 1915. Affirmed.

*S. L Ryan*, of Hiawatha, for the appellant.

*S. M. Brewster*, attorney-general, *S. N. Hawkes*, assistant attorney-general, and *W. E. Archer*, county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The proceeding was one for bastardy. The defendant was found guilty, and the principal errors assigned are that the child was exhibited to the jury as evidence in the case and that the county attorney in his closing argument discussed the subject of its resemblance to the defendant.

The child was born on December 24, 1913, and the trial occurred on May 11, 1914. There are instances in which physical characteristics of a father are stamped upon his child so definitely that they distinctly appear at birth, or even before birth. In some instances resemblances may not appear until late in the course of the child's independent development, and in still other instances resemblances may never appear with recognizable certainty. Sometimes a child may strongly resemble one not its father and not related to it. The result is that the evidence of paternity furnished by the features of the child may be strong, or weak, or inconclusive, or worthless.

No arbitrary age limit for the exhibition of a child in evidence can be fixed, because maturity and permanence of features may be of slow or of rapid attainment and because marked resemblances appearing early may fade with the changes incident to growth. There is no other test that can be applied, and it becomes the province of the trial court to exercise its discretion in the matter. If in the judgment of the trial court the exhibition of the child to the jury would appreciably tend to promote the purpose of the proceeding the exhibition should be permitted. If, however, the trial court should be satisfied that no substantial advancement toward the truth would result from the exhibition it should be forbidden.

An exercise of the trial court's discretion can seldom be reviewed by this court, because it can seldom be shown either that power was abused or that prejudice resulted. Like a scene viewed by the jury or the demeanor of a witness while testifying, the matter can not be presented to this court in such a way that it is authorized to substitute its judgment for that of the district court. Should it be admitted that the evidence was weak or inconclusive or worthless, the presumption would be that the jury appreciated the fact and gave it no more weight than it was entitled to receive.

Substantially the foregoing conclusions respecting the authority of the trial court and the attitude of this court toward an exercise of such authority were reached in the case of *Shorten v. Judd*, 56 Kan. 43, 42 Pac. 337, in which it was said:

."While in most cases evidence of family resemblance by view and comparison of the jury is of little value in proof of parentage, yet it has often been held admissible where the child has attained an age when its features have assumed some degree of maturity and permanency. Where the child is a young infant, it has been held best not to exhibit it to the jury. Much must be left to the discretion of the trial court, however, as to the proper age, and we would not feel warranted in a reversal of the judgment in this case on account of the child's appearance before the jury." (p. 48.)

Whenever the child is exhibited to the jury as proof of paternity counsel are at liberty to discuss the subject.

The judgment of the district court is affirmed.