No. 26,576.

ELVIRA SMITH, *Appellee,* v. DEWEY HAWKINS, *Appellant.*

SYLLABUS BY THE COURT.

1. EVIDENCE—*Judicial Proceedings—Authentication.* The fact that the certificate authenticating a copy of the judicial proceedings in a court of another state was not attached to the judgment roll with a brad or clip, but kept and presented with it, and plainly referred to the proceedings included in the judgment roll, did not preclude the admission in evidence of the roll.

2. BREACH OF MARRIAGE PROMISE—*Damages—Remission of Excess.* In an action for breach of a marriage contract, the jury made an award of damages in the sum of $75,000. The defendant moved for a new trial on the ground that the award was excessive and manifested passion and prejudice on the part of the jury. On the motion the trial judge held the award to be excessive to the extent of $40,000, but stated that he did not believe it had been made under the influence of passion and prejudice. The court ruled that a new trial would be granted unless the plaintiff would remit the sum of $40,000. The remission was made, and thereupon the motion for a new trial was overruled and judgment entered for the sum of $35,000. *Held,* that no error was committed in overruling the motion for a new trial.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed March 6, 1926. Affirmed.

*B. A. Williamson,* of Kansas City, *John F. Goshorn, Otis M. Edmonson,* both of Kansas City, Mo., and *Streeter B. Flynn,* of Oklahoma City, Okla., for the appellant.

*David F. Carson,* of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by Elvira Smith against Dewey Hawkins for breach of a contract of marriage, aggravated by seduction previous to the appointed time for the marriage. She asked for damages in the sum of $200,000; $100,000 as actual damages and a like amount as punitive damages. The jury returned a verdict awarding her $75,000, but the court, upon a motion for a new trial, held the verdict to be excessive and at first indicated that no more than $30,000 should be allowed, but finally determined and announced that the plaintiff had the option of accepting $35,000, and thereupon she remitted $40,000 of the award, and upon this remission the motion for a new trial was overruled. The defendant appeals.

Breach of Marriage Promise, 9 C. J. pp. 325 n. 31, 329 n. 75, 371 n. 15, 372 n. 33, 378 n. 64, 382 n. 81, 90; 41 L. R. A. n. s. 853. Evidence, 22 C. J. p. 841 n. 34.

In the course of the trial it developed that defendant had been previously married and that a decree of divorce had been entered. Evidence of the proceedings in divorce were introduced over an objection that the authentication was on a loose leaf and not attached to the judgment roll as offered. The objection was overruled and complaint is made of the ruling.

There is no merit in this contention. The authenticated certificate, although not attached with a brad or clip when presented, had been kept with the transcript and it expressly referred to the divorce case by title and number so that no doubt can arise as to the authenticity of it. Indeed no claim was made that the authentication did not apply to the judgment roll or that it was not genuine. Defendant had raised the question of the jurisdiction of the court in the divorce case because of insufficient service. In the judgment offered it was recited that the husband of plaintiff had been duly served with summons and the court having adjudicated the matter of jurisdiction, its findings and judgment cannot be regarded as void on a collateral attack. There was no error in the admission of the evidence.

It is next contended that the verdict and judgment were not sustained by the evidence. Plaintiff gave direct testimony to the following effect: Defendant, she said, made a proposal of marriage to her in Muskogee, Okla., and that after considering it for a day or two she accepted, and a marriage was agreed upon. She further testified that following the contract they arranged that they would go to Kansas City to be married. That accordingly with four other persons they motored to Kansas City, and on the journey they stopped one night at Tulsa, Okla., and another at Fort Scott, Kan.; at both of these places and one other, she testified that he induced her to have illicit relations with him, based on the promise of a marriage when they reached Kansas City. Before the marriage was consummated she learned that he was already married to another from whom he had not been divorced, and thereafter declined to have further relations with him. The defendant alleged and produced testimony to the effect that there never had been an agreement of marriage; that a trip to Kansas City was arranged by six young people and they went on his request in order that he might avoid service of process in a threatened proceeding to declare that he was an incompetent; that nothing was said during the journey about an engagement between plaintiff and defendant; that he was

a married man and that his wife was trying to find him was discussed in the presence of the plaintiff, and that she knew of his marriage before entering upon the journey; that the party who went with them on the journey drank freely of intoxicating liquors, and all became drunk at times on the way. He also offered testimony that plaintiff was a woman of bad repute and had illicit relations with other men.

The findings of the jury disclosed that the testimony of plaintiff was believed by them and that the inconsistencies pointed out by defendant in plaintiff's testimony did not discredit her testimony on the controlling features of the case in the minds of the jury. It must be conceded that evidence was produced supporting the claim that a contract of marriage was made and also that plaintiff was not aware that defendant was already married and incapacitated to execute the promise of marriage. The defendant cannot escape liability for damages which result from his promise, if the plaintiff entered into the marriage contract in ignorance of the fact that he had a living wife. The jury were so instructed, and the court further charged that if the plaintiff at the time of making the marriage contract knew that defendant was married she could not recover any damages for the breach.

The principal complaint of defendant is that the damages awarded are so excessive as to indicate the bias and prejudice of the jury, and therefore the motion for a new trial should have been granted. In determining the extent of the damages the jury could take into consideration the reasonable advantage which the plaintiff had a right to expect from a marriage with a man of the wealth and position of the defendant. They could consider not only the injury to her prospects in life but also the effect of the breach on her feelings, the sense of disgrace occasioned and the loss of reputation. Consideration could also be given to the pecuniary situation of the defendant, to show the condition in life which the plaintiff would have secured if the marriage promise had been fulfilled. Seduction by the defendant, accomplished under the promise of marriage, could also be considered in aggravation of the damages (*Dalrymple v. Green*, 88 Kan. 673, 129 Pac. 1145), and where the defendant is actuated by bad motives and fraudulent purpose, exemplary damages may be allowed. (4 R. C. L. 157.) As to the amount of the award in such cases there is no fixed rule for measuring the damages. In each particular case the amount is a question for the sound discretion of the jury. Of course, if the award is the result of passion

Smith v. Hawkins.

or prejudice the verdict cannot stand and a remission of the amount will not cure the error. While the trial judge found that the award was greatly excessive, the finding was accompanied with the statement that he did not believe the jury was influenced by passion or prejudice. It has been decided that the allowance of excessive damages not occasioned by passion or prejudice does not require a new trial and the award of too great an amount may be remedied by the remission of the excess. (*Argentine v. Bender,* 71 Kan. 422, 80 Pac. 935.)

In view of the finding that the verdict was not influenced by the passion or prejudice of the jury, the wealth of the defendant and the circumstances of the case as developed by the evidence, the court is of opinion that the excessive allowance could be and was cured by the remission of the excess and therefore no error was committed in denying the motion for a new trial.

The judgment is affirmed.

JOHNSTON, C. J. (dissenting): In my view the award was not only grossly excessive but it betrayed unfairness and caprice on the part of the jury or a total misconception of their duties and obligations under the law. The court found that the award was $40,000 greater than he would approve. That disproportion shows the verdict was tainted with reckless indifference and an absence of a due sense of right and justice. While the court hesitated to believe that the jury was actuated by passion and prejudice, his finding as to the excess carries the implication that the jurors had acted unreasonably, capriciously and unfairly, and it practically convicted them of misconduct. An award so much larger than the court could approve and which must have shocked its sense of justice, is generally regarded as *prima facie* evidence that the jury was not fair and impartial. In *Argentine v. Bender,* supra, the verdict was found to be excessive to the extent of $5,000, and it was said:

"This court must enter upon the consideration of this case with the assumption that the evidence could not sustain the recovery of a greater amount than $2,500. This is conclusively settled for the present purpose by the action of the district court. The mere fact that the jury in estimating plaintiff's injury so far exceeded this limit must be regarded as having some tendency to show unfairness." (p. 425.)

There an explanation for the excess was found in the instructions given, and upon a remission of the excess a judgment for the reduced amount was upheld.

In *A. T. & S. F. Rld. Co. v. Cone*, 37 Kan. 567, 15 Pac. 499, the jury in its verdict found the damages to be $50,000. The plaintiff consenting, the court ordered a *remittitur* of one-half of the damages and a judgment for $25,000 was given. This court held that the jury either acted upon a misconception of their duties or under the influence of passion or prejudice, and the fact that a *remittitur* was required of one-half of the verdict disclosed that the court must have found that the jury were influenced by either passion or prejudice. In *Steinbuchel v. Wright*, 43 Kan. 307, 23 Pac. 561, the award of the jury was $4,000. In overruling the motion for new trial the court found that the assessment of the jury beyond the sum of $500 was excessive, and the excess being remitted a judgment for $500 was entered. This court held that it was compelled to say that the damages were so excessive as to show the verdict was given under the influence of passion and prejudice, and that in such a case the amount of damages should be submitted to the judgment of another jury. *Bell v. Morse*, 48 Kan. 601, 29 Pac. 1086, was a case where damages were awarded in the sum of $1,000. The court ruled that a new trial would be granted unless the plaintiff would remit $600 of the amount awarded. The *remittitur* was made and the motion for a new trial overruled. It was said:

"The action of the court in finding that the greater part of the award made by the jury was excessive, and required the plaintiff below to remit the same, clearly indicates the view of the court. It is evident from this finding and the proceedings in the case that the jury were influenced by passion and prejudice in rendering the verdict which was so grossly excessive, and within the authority of cases already decided a new trial should have been granted." (p. 602. See, also, *Union Pac. R. Co. v. Hand*, 7 Kan. 380; *M. K. & T. Rld. Co. v. Weaver*, 16 Kan. 456; *K. P. Rly. Co. v. Peavey*, 34 Kan. 472, 8 Pac. 780.)

The evidence in the case relating to the habits, associations and reputation of the plaintiff, although not to be considered as against any recovery, has a bearing upon the amount of recovery and to my mind strongly tends to show that the award was a wild and unreasonable estimate of the jury, and was not the result of an honest exercise of judgment. It having been found to have been $40,000 more than was reasonable and just, the whole verdict, I think, was tainted by the unfairness, and therefore the motion for a new trial should have been granted.

HARVEY and HOPKINS, JJ., join in this dissent.