No. 36,361

THE STATE OF KANSAS, ex rel. DOROTHY FEAGINS, *Appellee*, v. LESTER CONN, Appellant.

(162 P. 2d 76)

Opinion filed October 6, 1945.

*Ralph H. Noah,* of Beloit, argued the cause for the appellant.

*Marvin O. Brummett,* of Concordia, argued the cause for the appellee.

The opinion of the court was delivered by

BURCH, J.: In a statutory bastardy proceeding the appellant was found to be the father of an illegitimate child. On appeal he asserts error in the giving of certain instructions, in the admission and exclusion of evidence, and in overruling the motion for a new

trial. Nothing is to be gained by printing in our reports even a resumé of the evidence. Careful consideration convinces us that there was adequate proper evidence introduced which warranted the jury in finding the appellant guilty.

The principal contention advanced by the appellant is that the court abused its discretion in refusing to allow the eight-months-old child of the prosecutrix to be exhibited to the jury. The child had been in the courtroom for a part of the time during the trial. Testimony was introduced to the effect that when the baby was born it had red hair and a "rugged complexion" and that the child's hair and complexion were the same at the time of the trial as they had been at the time of the child's birth. A doctor testified that normally characteristics of parents are transmitted to their offspring in one way or another including characteristics as to coloring. The appellant was shown to be a dark-complexioned man and he testified that his parents and grandparents on both sides were all people of dark complexions. The mother of the prosecutrix was shown also to have been a dark-complexioned woman and we assume that the prosecutrix was likewise. After the prosecutrix had testified that the child she had in the courtroom in the morning was the child involved in the controversy the attorney for the appellant offered to exhibit the child to the jury. Thereupon the court inquired as to whether there was any objection and upon objection being made, it was sustained. After some colloquy between counsel and the court, during which counsel for the appellant again moved the court to permit the child to be exhibited to the jury, the court remarked as follows:

"The motion will be overruled. I might say in that connection I am not satisfied that it would serve any useful purpose whatsoever. These questions of resemblances of small children are a matter to speculate about, but I think that is as far as it goes. . . .

"I don't believe it is material testimony, and I don't believe that it is testimony of such cogent value that it ought to be considered, and that is the reason for my ruling in the case."

On the afternoon the evidence was completed the court instructed the jury and among others, instruction No. 7 was given as follows:

"Some references have been made in the evidence to the complexion, color of the hair, and other physical appearances of the child in question. Whether or not the child in question bears physical resemblances to the defendant or fails to bear physical resemblances should not be considered by you in this

case as said child' has not been exhibited in evidence, and these references to its physical characteristics are not evidence."

On the next morning the court amended instruction No. 7 and gave the amended instruction, together with instruction No. 8, to the jury as follows:

"No. 7. Some references have been made in the evidence as to the complexion, color of the hair and other physical appearances of the child in question. Such testimony as witnesses gave from the witness stand touching upon those questions you should consider together with all of the other evidence in the case on the question which you are called upon to decide. However, you are instructed that the child was not exhibited in evidence, and you should not consider the physical appearance of the child or attempt to compare its physical features with those of the defendant from your personal observation. As I told you before, if you consider this question you will confine yourselves to a consideration of the testimony of the witnesses who testified in this case upon that subject.

"No. 8. You are further instructed that in considering the testimony of the witnesses with respect to its physical appearances and its resemblances, if any, to the defendant that you should take into consideration the age of the child, as it appears from the testimony, the fact that in some instances the physical characteristics of a father may be stamped upon a child so that they definitely appear at the time of birth, that in some instances resemblances may not appear until late in the course of a child's independent development, and that in still other instances resemblances may never appear with recognizable certainty. Sometimes a child may strongly resemble one not its father and not related to it. With the result that such evidence of paternity may be strong or weak or inconclusive, or even worthless, and you are the judges of such matters."

Thereafter counsel for the respective parties were given additional time to present further argument to the jury pertaining to the subject matter covered by instructions 7 and 8.

Counsel for appellant does not contend that the wording of the instructions is erroneous or that the instructions do not properly and adequately state the law applicable to the subject matter provided the ruling on the request that the child be exhibited to the jury was correct. In other words, appellant's counsel contends that the child should have been exhibited to the jury and that, therefore, amended instruction 7 and instruction 8 should not have been given. The logical question, consequently, is whether the failure to exhibit the child to the jury under the circumstances constituted error on the part of the trial court because no contention of error is developed as to the instructions themselves.

1. The question simply stated is—Can a trial court in a bastardy

proceeding refuse to allow the child indirectly involved therein to be exhibited to the jury? Usually such a question arises in instances wherein the state on relation of the prosecutrix seeks to have the child exhibited but no sound reason is suggested as to why the rule should be any different in the event the defendant desires to exhibit the child. On the general question there is a conflict of authority. (See 10 C. J. S. 177, § 92; 7 Am. Jur. 651, § 36, and 7 Am. Jur. 701, § 121.) In most jurisdictions it is held that the child always may be exhibited when the question is one of race or color for it is well understood that there are marked external distinctions and differences between races of humanity which may enable the jury, on observation, to judge whether a child is of one race or another. In such cases the question is not dependent upon the age of the child. Such is likewise the rule where the child is marked by some physical peculiarity which is characteristic of the family of the alleged father. (See 40 A. L. R. Anno. 136.) In instances, however, where distinctions as to race and marked physical peculiarities are absent, as is true in the present case, the question sometimes turns upon the age of the infant sought to be exhibited. In such connection it is interesting to note that a child nine months old has been held too young (*State v. Harvey*, 112 Iowa 416, 84 N. W. 535, 52 L. R. A. 500, 84 Am. St. Rep. 350); also one eleven months old (*Ratzlaff v. State*, 102 Okla. 263, 229 Pac. 278) and likewise a child about a year old (*Hanawalt v. State*, 64 Wis. 84, 24 N. W. 489, 54 Am. Rep. 588). Regardless, however, of what may be the basis of decisions from other states, the question remains as to what is the rule in Kansas.

Our decisions hold in substance that the question of whether the child may be exhibited rests in the sound discretion of the trial court. From the case of *State, ex rel., v. Browning*, 96 Kan. 540, 152 Pac. 672, the following is quoted:

". . . There are instances in which physical characteristics of a father are stamped upon his child so definitely that they distinctly appear at birth, or even before birth. In some instances resemblances may not appear until late in the course of the child's independent development, and in still other instances resemblances may never appear with recognizable certainty. Sometimes a child may strongly resemble one not its father and not related to it. The result is that the evidence of paternity furnished by the features of the child may be strong or weak, or inconclusive, or worthless.

"No arbitrary age limit for the exhibition of a child in evidence can be fixed, because maturity and permanence of features may be of slow or of rapid attainment and because marked resemblances appearing early may fade

with the changes incident to growth. There is no other test that can be applied, and it becomes the province of the trial court to exercise its discretion in the matter. If in the judgment of the trial court the exhibition of the child to the jury would appreciably tend to promote the purpose of the proceeding the exhibition should be permitted. If, however, the trial court should be satisfied that no substantial advancement toward the truth would result from the exhibition it should be forbidden.

"An exercise of the trial court's discretion can seldom be reviewed by this court, because it can seldom be shown either that power was abused or that prejudice resulted. Like a scene viewed by the jury or the demeanor of a witness while testifying, the matter can not be presented to this court in such a way that it is authorized to substitute its judgment for that of the district court. . . ." (p. 541.)

See, also, *State, ex rel., v. Lyons,* 104 Kan. 702, 180 Pac. 802, and *Shorten v. Judd,* 56 Kan. 43, 42 Pac. 337.

Obviously, the trial court was exercising its sound discretion when it ruled upon the offer of the defendant to exhibit the child and made the comments hereinbefore set forth. Nothing in the record indicates any prejudice on the part of the trial court and this court cannot look into darkness and visualize a child who had characteristics differing so materially from those of the alleged father that it would be justified in finding that the trial court abused its right of discretion. This court is satisfied with the soundness of the rule heretofore established by our decisions and nothing in the record warrants us in distinguishing the present case from others in which it has been applied. In fact, the record in the present case developed in connection with the motion for a new trial gives strong support to the wisdom of our rule and its application by the trial court. At such time an aunt of the prosecutrix testified that she had several brothers with red hair and that some of her brothers had blue eyes and that she had black eyes and lighter hair when she was born than had the baby involved in the present case. Consequently, the baby's color characteristics may have been attributable to such a strain in its mother's family. We do not agree with appellant's contentions that the rule is improper or that the trial court abused its discretion.

2. Appellant also complains of instruction No. 4, which reads as follows:

"The ultimate purpose of a bastardy proceeding, such as this, is to establish the paternity of the bastard in question, and to require the father of such child to contribute to its support and maintenance so that the child will not be wholly dependent upon the mother for support, *or upon public or private charity for its maintenance and education.*" (Emphasis supplied.)

The emphasized portion of the instruction is the part complained of. The instruction was lifted almost literally from our decisions, and in substance has been the settled law in this state since February, 1870, when the decision in *Willetts v. Jeffries*, 5 Kan. 470, was written by Mr. Justice Valentine. See, also, *Gleason, Sheriff v. Comm'rs of McPherson Co.*, 30 Kan. 492, 2 Pac. 644; *In re Wheeler, Petitioner*, 34 Kan. 96, 8 Pac. 276; *In re Lee, Petitioner*, 41 Kan. 318, 21 Pac. 282; *In re Bolman*, 131 Kan. 593, 292 Pac. 790; and see, also, 7 C. J. 967, § 58, 10 C. J. S. 145, § 33.

As we construe appellant's argument the principal objection to the instruction arises by reason of the reference to the possibility of the unfortunate child having to be supported by public charity if the defendant is not found to be the father of the child. Such an instruction may afford an opportunity for counsel in argument to contend that taxpayers, some of whom may be members of the jury, may be forced to contribute indirectly to the support of the child if the defendant is not found guilty. Therefore, it is contended that the defendant was prejudiced by such an instruction. In support of such contention appellant cites the case of *State v. Netherton*, 128 Kan. 564, 279 Pac. 19. The cited case involves a murder trial in which a so-called "who else" argument was made calling for the defendant to clear himself by pointing out another on whom the guilt could be placed. No such argument appears to have been made in the present case and we do not regard the citation as being in point.

Of course, the one question to be decided by a jury in a bastardy proceeding is whether the defendant is the father of the child. In the present case instruction No. 3 reads as follows:

"In order to establish the case for plaintiff it is necessary for plaintiff to prove by a preponderance of the evidence that . . . the defendant, Lester Conn, is the father of said child."

It is well settled that the instructions must be considered as a whole and that no special instruction should be singled out as the law of the case. Such an admonition was given to the jury in instruction No. 10. There is nothing in the record which justifies the contention that the jury must have disregarded instruction No. 3 and given special consideration to instruction No. 4. Regardless of such a possibility, the court is of the opinion that instruction No. 4 is a fair statement of the law relative to the purpose of the proceeding and that if the statement is prejudicial to the defendant

any such prejudice is inherent in the nature of the proceeding rather than in the instruction.

The motion for a new trial raised only the same questions hereinbefore considered and counsel for appellant has abandoned all other specifications of error as to the admission or exclusion of other evidence not herein commented upon.

The judgment of the district court is affirmed.

BURCH, J. (concurring specially): I concur in the result reached in syllabus two and the corresponding part of the opinion but in my judgment instruction No. 4 should be criticized. As stated in the court's opinion, the instruction does set forth in substance the settled law upon the subject but in none of the Kansas cases supporting it have I found an instance wherein such a general statement of the law has been approved as a proper and necessary instruction except in the case of *Stahl v. State, ex rel. Lorimer,* 67 Kan. 864, 74 Pac. 238. In the *per curiam* opinion written in the cited case a similar instruction was approved without discussion or reported reasoning. I have some doubts as to whether it is necessary or advisable to give any part of the instruction, but if so, then that part of the instruction referring to what may happen in the event the father of the child does not contribute to its support and maintenance should be deleted therefrom. If such is not done, then the instruction runs into the field of speculation and conjecture. Whether the child has a wealthy mother, grandparents or other relatives or whether the child will become an object of public charity really should not be the concern of the jury. The only question to be decided by the jury is whether the defendant is actually the father of the child. The instruction would be improved if it read as follows:

The ultimate purpose of a bastardy proceeding, such as this, is to establish the paternity of the bastard in question, and to require the father of such child to contribute to its support and maintenance.

The reference to the possibility of support from public charity is particularly objectionable in my opinion.