No. 41,387

STATE OF KANSAS, ex rel. DORIS MAYER, *Appellee,* v. RAY PINKERTON, JR., *Appellant.*

(340 P. 2d 393)

Opinion filed June 13, 1959.

*George E. Grist,* of Wichita, argued the cause, and *Lester Wilkinson* and *Tom Harley,* both of Wichita, were with him on the briefs for the appellant.

*R. K. Hollingsworth,* deputy county attorney, argued the cause, and *John Anderson, Jr.,* attorney general, *Robert E. Hoffman,* assistant attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action brought by the relatrix (appellee), Doris Mayer, under the provisions of G. S. 1949, Ch. 62, Art. 23 (the Illegitimate Children Act) to determine the parentage of twin children born to the relatrix. The trial court found the defendant (appellant), Ray Pinkerton, Jr., to be the father of the twin children, and entered judgment accordingly.

Defendant appeals and contends that inasmuch as section 5 of our Bill of Rights provides the right of trial by jury shall be inviolate and section 10 thereof provides in all prosecutions the accused shall be allowed a speedy public trial by an impartial jury, the trial court erred in refusing his request for the same.

In *State, ex rel., v. Herbert,* 96 Kan. 490, 152 Pac. 667, we held that the words "all prosecutions" (as mentioned in section 10 of the Bill of Rights) mean all criminal prosecutions for violations of the laws of the state. In the instant case, G. S. 1949, 62-2303 requires that the prosecution shall be in the name of the state of Kansas on the relation of the prosecuting witness, and that the rules of evidence shall, in all respects, be governed by the law regulating civil actions. Section 62-2311 provides that if the defendant deny the charge of parentage, the issue shall be tried by *the court or a jury.* Section 62-2312 provides that if the court or jury find the defendant is the father of such child, he shall be adjudged so, and shall stand charged with the maintenance and education thereof.

It has long been settled that proceedings of this kind are, in nature, civil rather than criminal (*State, ex rel., v. Herbert,* supra; *State, ex rel., v. Stout,* 101 Kan. 600, 606, 168 Pac. 853). The ultimate purpose of a bastardy proceeding, such as the instant case, is to establish the paternity of the child in question and to require the father of such child to contribute to its support and maintenance (*State, ex rel., v. Conn,* 160 Kan. 370, 162 P. 2d 76).

Our bastardy act was passed in 1868 (G. S. 1868, Ch. 47). The act repealed an earlier statute relating to the same subject (Laws 1859, Ch. 82; Comp. Laws 1862, Ch. 109). Neither of these statutes was ever embodied in any of the codes of civil or criminal procedure adopted in this state. Neither did they constitute a part of the Crimes Act. In all of our statutory compilations prior to the revision of 1923, the bastardy act was given a place, under the title "Illegitimate Children," separate from any code of procedure. The

fact that the revisers of our 1923 statute placed it under criminal procedure did not change the nature or purpose of the statute, nor did it make the procedure provided for therein any more criminal than it had previously. The bastardy act is a statute, separate from codes of civil or criminal procedure, enacted for the purpose of establishing the paternity of children and providing for their maintenance and support, as indicated by its title "Illegitimate Children"; and to accomplish that purpose provides a procedure of its own. It is a statutory action. We, therefore, look to the law relating to civil actions for procedure only on such points or questions where the bastardy act itself is silent, or for which it makes no provision (*In re Bolman*, 131 Kan. 593, 597, 292 Pac. 790). This being a statutory action and not a criminal prosecution, section 10 of the Bill of Rights has no application.

The constitutional guaranty that "the right of trial by jury shall be inviolate" (Bill of Rights, § 5) has no application to proceedings such as the instant case and does not extend beyond cases where such right existed at common law, but only applies to cases that were triable by jury before the constitution was adopted. (*Tatlow v. Bacon*, 101 Kan. 26, 30, 165 Pac. 835.) In *Swarz v. Ramala*, 63 Kan. 633, 66 Pac. 649, we stated:

"The right of trial by jury is not guaranteed by the constitution to litigants in all cases, but only in such cases as were properly triable by jury before the adoption of the constitution. In *chancery and statutory* proceedings the legislature has the power to dispense with trial by jury." [Emphasis supplied.]

This matter was laid to rest early in the history of our state in the case of *Kimball and others v. Connor; Starks and others*, 3 Kan. 414, 432, wherein we stated:

"(*Bill of Rights*, sec. 5.) 'The right of trial by jury shall be inviolate.' . . . That provision does not require every trial to be by jury. Nor does it contemplate that every issue, which, by the laws in force at the adoption of the constitution of the state, was triable by jury, should remain irrevocably triable by that tribunal. Trial by jury is guaranteed only in those cases where that right existed at common law. Such is the meaning of the constitutional provision referred to, and in statutory proceedings, proceedings in chancery, &c., the legislature is fully competent to dispense with the jury."

(See also *Cole v. Drum*, 109 Kan. 148, 153, 197 Pac. 1105; *Spena v. Goffe*, 119 Kan. 831, 241 Pac. 257.)

It cannot be said that the instant case was a common-law action. As stated, it is statutory and the legislature had within its power the authority to prescribe the procedure of trial. G. S. 1949,

60-2903 provides, in substance, that issues of fact arising in actions for the recovery of money or of specific real or personal property shall be tried by a jury, unless a jury is waived; and that all other issues of fact shall be tried by the court, subject to its power to submit issues to a jury. The instant action is not one for the recovery of money or of specific real or personal property. The only question here is one of paternity, and nothing in the mentioned statute would justify defendant's request for a jury trial as a matter of right. Moreover, section 62-2311 of the Illegitimate Children Act provides that if the defendant deny the charge in the district court, the issue shall be tried by *the court* or to a jury. It is apparent that defendant's right to a jury trial was a matter within the discretion of the trial court.

Defendant next contends that the trial court erred in not granting his request for a continuance based upon his counsel's affidavit regarding the absence of a material witness. G. S. 1949, 60-2934 provides, in part, that a motion for continuance on account of the absence of evidence can be made only upon an affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it; and if it is for an absent witness, the affidavit must show where the witness resides, the probability of securing his testimony within a reasonable time, what facts he believes the witness will prove and that he believes them to be true. Without prolonging the discussion on this issue, suffice it to say, the affidavit failed to comply with the statutory requirements for a continuance and the court did not abuse its discretion in overruling defendant's request for a continuance. The error complained of cannot be sustained.

In view of what has been said, the judgment of the trial court is affirmed.

It is so ordered.