No. 45,663

ALETA McGREGOR, *Appellee*, v. WESLEY TURNER, *Appellant*.

(469 P. 2d 324)

Opinion filed May 9, 1970.

*Fred A. Beaty*, of Alkire & Clausing, of Wichita, argued the cause and was on the brief for appellant.

*James P. Johnston*, of Wichita, argued the cause and *John W. Sowers*, of Wichita, was with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: The defendant, Wesley Turner, appeals from a judgment determining that he is the father of two year old Jeffrey Brent McGregor. His attack on the judgment is jurisdictional in nature. He claims the trial court improperly amended or changed the original claim for breach of promise to a claim on the paternity of an illegitimate child.

Aleta McGregor, mother of the child, filed an action for breach of promise to marry against the defendant, Wesley Turner. It was alleged in the petition that she incurred expenses for the birth of defendant's child and that defendant refused to support the child. Defendant by answer denied the promise of marriage and paternity

of her child. A pre-trial order was journalized and approved by the attorneys. Included in the issues of fact to be determined at the trial were: (1) Was a promise of marriage made by the defendant and if so, did defendant breach said promise? (2) Is defendant the natural father of Jeffry Brent McGregor and if so, what amount of support and expenses should be paid by defendant?

The plaintiff requested a jury trial. When all the evidence was in the defendant moved for a directed verdict because of insufficiency of the evidence to establish the promise of marriage. After extended argument on the motion the court stated:

"Well, not being fully informed on the various legal aspects of this case, I did some homework this noon and looked at the Digest on the subject in a general way. I find defendant's motion is good insofar as the Breach of Promise action is concerned. The motion will be sustained, based upon the reasons indicated, which includes lack of consideration and lack of definiteness to form a contract and failure of sufficient proof upon which the jury may base damages.

. . . . . . . . . . . . .

"This leaves in the lawsuit the question of paternity and support. The Digest mentioned one decision in particular and that said paternity and support in a situation such as this may not be merged with a Breach of Promise action, but I don't know what the law is generally. . . ."

Over objection by the defendant the court submitted the paternity and support questions to the jury. The jury found defendant was the father of Jeffrey Brent McGregor and determined the amount of support at $80 per month. The court entered judgment on these findings against the defendant. The claim for breach of promise had been previously dismissed for insufficiency of the evidence. The final judgment against the defendant was limited to paternity, medical expenses and support.

A motion for new trial was filed and during arguments thereon it was discovered that Jeffrey Brent McGregor was not a party to the action. The action had been filed by Aleta McGregor, the mother, for breach of promise of marriage.

The court at that time directed plaintiff's counsel to include Jeffrey Brent McGregor as an additional party plaintiff in the case. The following colloquy between the court and defendant's counsel preceded the order to include the child as a party plaintiff:

"THE COURT: Why hasn't the father complained sooner?

"MR. BEATY: This went to trial as a Breach of Contract of marriage . . .

"THE COURT: Well, that is what it is labeled.

"MR. BEATY: The way it is pleaded I don't think the father has had the right to . . .

"THE COURT: Well, we have merged pretrial orders and pleadings and somebody on behalf of the father agreed that the support case and custody should be heard.

"MR. BEATY: Stipulated those facts were in issue; didn't stipulate the case could be amended.

"THE COURT: I didn't say you did. I said it was stipulated that the paternity action could be heard and so it came to trial. It was a two-headed case by stipulation of the parties. What is the complaint? He agreed to have the issue determined." °

. We will first consider defendant's contention that the plaintiff's claim for breach of promise could not be amended during the trial to a claim on paternity.

Later we will examine the propriety of making the child an additional party plaintiff after the judgment had been entered.

Can a claim for breach of promise be joined with a filiation proceeding to establish paternity of an illegitimate child? If these two claims cannot be joined in one action it would be error to permit a claim for breach of promise to be amended during trial so as to continue the action as a paternity claim after the breach of promise claim was dismissed.

The provisions of the code of civil procedure, which allow amendments and supplemental pleadings (K. S. A. 1969 Supp. 60-215), joinder of multiple claims (K. S. A. 1969 Supp. 60-218) and joinder of multiple parties (K. S. A. 1969 Supp. 60-219 and 60-220), have liberalized the former rules of practice in order to secure just, speedy and inexpensive determination of actions within the rules prescribed.

Under the law as it existed prior to the code a misjoinder of causes of action occurred when multiple plaintiffs filed suit on separate claims arising out of the same transaction or occurrence if any plaintiff was not interested in the relief sought by the other plaintiffs. (See *Crisler v. C. K. Packing Co.*, 181 Kan. 118, 309 P. 2d 703 and *Fields v. Anderson Cattle Co.*, 193 Kan. 558, 396 P. 2d 276.)

A departure from the former practice rules is indicated in the statute and it is no longer necessary for each plaintiff to file a separate action when the claims arise out of the same transaction. (See Gard, Kansas Code of Civil Procedure § 60-218, pp. 96, 97.)

K. S. A. 60-220 (*a*) (now 1969 Supp.) reads:

"*Permissive joinder.* All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is

asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

Under K. S. A. 60-220 (*a*) (now 1969 Supp.) claims of separate parties must arise out of the same transaction, occurrence or series of transactions or occurrences before they may be joined in one action.

We are concerned in the present case with two claims, one for breach of promise of marriage and the other to establish paternity.

A claim for breach of promise of marriage is a chose in action of the woman who has been jilted. The claim in such case arises out of the promise of marriage which is the occurrence or transaction giving rise to the claim.

In *Dalrymple v. Green*, 88 Kan. 673, 129 Pac. 1145; *Bowes v. Sly*, 96 Kan. 388, 152 Pac. 17, and *Smith v. Hawkins*, 120 Kan. 518, 243 Pac. 1018, the court points out that sexual intercourse and pregnancy, occurring after a promise of marriage, arise from a separate and distinct occurrence. The sexual intercourse and pregnancy can form no part of the occurrence upon which a promise of marriage is based. Sexual intercourse and pregnancy may be proven and considered in the breach of promise action but only in aggravation of the damages which would otherwise flow from the breach of promise. It has been stated repeatedly that neither the pregnancy nor the sickness resulting from the pregnancy can be proximately caused by a breach of promise of marriage. Pregnancy, and any sickness which results, are proximately caused by a separate and distinct occurrence, sexual intercourse.

In Kansas we recognize two distinct proceedings to establish the paternity of an illegitimate child. One is statutory and the other arises from the public policy of this state which requires a father to support his child.

The statutory proceeding is set forth in K. S. A. 62-2301, *et. seq.* The statutes provide a specific method for establishing the paternity of a bastard child and requiring the father to support and educate said child. A judgment for support may be enforced under the statute by requiring security. The father may be imprisoned for

any failure to comply with the judgment.   K. S. A. 62-2303 provides the action shall be prosecuted in the name of the State of Kansas, on the relation of the prosecuting witness.  The unmarried woman who has been delivered of or is pregnant with a bastard child is the prosecuting witness.  (K. S. A. 62-2301)  We have held the proceeding must be prosecuted by the mother of the child.  (*State v. Jehlik,* 66 Kan. 301, 71 Pac. 572.)  The nature of this statutory proceeding and the history of the act are discussed in *State, ex rel., v. Pinkerton,* 185 Kan. 68, 340 P. 2d 393.  This method of establishing paternity was not used in the present case.

The other type of action to establish paternity of an illegitimate child in Kansas is a non-statutory filiation proceeding.  It is based upon a father's obligation to support the child.  The action and the father's obligation to support the child rest in the public policy of this state as expressed in *Doughty v. Engler,* 112 Kan. 583, 211 Pac. 619.  Although the proceeding has been commonly referred to as a common law paternity action, this is a misnomer.  The common law did not recognize a father's duty to support an illegitimate child.  (See *Doughty v. Engler,* supra.)  Because of the child's age and incapacity this non-statutory filiation proceeding must be brought by the child through its mother, guardian or next friend.

In *Myers v. Anderson,* 145 Kan. 775, 67 P. 2d 542 it was held:

"The right of the child to support from its father is a chose in action which belongs to the child." (Syl. ¶ 2)

It was further held in *Myers* that the mother was without authority to settle or compromise the child's right to bring a non-statutory filiation proceeding.  An agreement by the mother to accept $1000 and release the putative father from further liability to her and the child did not prevent the mother as next friend from later prosecuting an action on behalf of her child.  The chose in action belonged to the child.  The child was not bound by the mother's agreement.  This type of proceeding was discussed in *Grayson v. Grayson,* 182 Kan. 285, 320 P. 2d 803, where the *Doughty* and *Myers* cases were cited and approved.

The non-statutory filiation proceeding, as recognized in the foregoing cases, arises by reason of sexual intercourse between a man and woman.  The right to relief in such a proceding does not arise out of any promise of marriage.

Therefore, a woman's claim based upon a breach of promise of

marriage may not be joined in one action with a child's non-statutory filiation claim.

K. S. A. 60-220 (*a*) which provides for permissive joinder does not authorize the joinder of claims arising from separate and distinct occurrences. If two claims cannot be joined in one action it is error during a trial to convert the original claim (breach of promise) into a claim arising out of a separate occurrence (sexual intercourse).

In addition it was reversible error to attempt to bind the child on his separate chose in action after judgment was entered on the first claim.

A judgment between two parties in an action must bind both parties if it is to be a valid and binding judgment. In the present case the child would not have been bound if the jury had determined Wesley Turner was not the father of Aleta McGregor's child. The mother cannot bind the child by her separate action. (See *Myers v. Andersen*, supra.) A mother cannot compromise or settle the child's paternity claim by agreement with the putative father, and she cannot compromise or settle the child's claim by attempting to litigate the questions in her breach of promise action. The paternity claim which the court attempted to determine was a chose in action belonging to the child. This claim cannot be adjudicated without the child as a party.

The doctrine of *res judicata*, whereby a judgment bars subsequent action on the same cause of action and renders the judgment conclusive on the issues adjudicated, applies only to parties to the action in which the judgment was rendered, and their privies. (*Adamson v. Hill*, 202 Kan. 482, 449 P. 2d 536.)

The rule that a plea of *res judicata* may be asserted only by a person who was a party or in privity with a party to the prior action is based on the doctrine of mutuality of estoppel; that is, a litigant can invoke the conclusive effect of a prior judgment only if he would have been bound by it had it gone the other way. (*Adamson v. Hill*, supra; *Goetz v. Board of Trustes*, 203 Kan. 340, 454 P. 2d 481.)

*Res judicata* cannot be raised against a person as to matters decided in an action prior to the time that person is made a party to the action or enters his appearance. (*National Bank v. Kopplin*, 1 Kan. App. 599, 42 Pac. 263.)

K. S. A. 60-219 (*b*) sets forth what should be done in making a person an additional party to an action. This statute was not com-

plied with by the plaintiff. The attempted entry of appearance by the mother on behalf of the child came too late. It was after judgment.

No question is raised on appeal concerning the propriety of dismissing the mother's claim for breach of promise and that judgment is now final. The district court was without jurisdiction to render a binding judgment on the paternity of Jeffrey Brent McGregor. Jeffrey Brent McGregor and his mother are free to pursue the question of the paternity of Jeffrey Brent McGregor by whatever action the laws of Kansas permit.

The judgment establishing paternity is reversed.

FATZER, J.; dissents.