540 P.2d 274
**Lou Ann COMISH, Plaintiff-Respondent,**
v.
**Don N. SMITH, Defendant-Appellant.**
**No. 11587.**

Supreme Court of Idaho.
July 24, 1975.

---

L. Lamont Jones, Pocatello, for defendant-appellant.

Max F. Parrish, Pocatello, for plaintiff-respondent.

DONALDSON, Justice.

Lou Ann Comish, respondent, initiated this paternity suit against Don N. Smith, appellant, alleging that he is the father of respondent's child, who was born out of wedlock in January, 1972. The district court, sitting without a jury, held for the respondent and awarded maternity expenses, support and maintenance and entered an order of filiation declaring paternity. Appellant then appealed the district court's judgment. We affirm.

Plaintiff-respondent filed suit in the Sixth District Court for Caribou County under the provisions of I.C. § 7–1101 et seq., known as the Paternity Act. The defendant-appellant answered denying the allegations of the complaint and demanded that blood tests be taken pursuant to I.C. § 7–1115. The trial court so ordered, and the tests were administered by a Dr. Gibbon at Holy Cross Hospital in Salt Lake City, Utah. The doctor was subsequently deposed by both counsel but did not testify at trial.

The trial was rescheduled twice from May 1, 1973, to August 20, 1973, then to September 11, 1973. On September 10, 1973, appellant filed a demand for a jury trial and a motion to dismiss arguing that I.C. § 7–1114 unconstitutionally denied appellant a trial by jury. The motions were denied and the trial proceeded without a jury as scheduled.

At trial, respondent testified that she had sexual intercourse with appellant twice during the time period when conception of respondent's child was possible. Appellant denied having sexual intercourse with respondent and there was no corroborating testimony.

There was conflicting testimony concerning access during the possible period of conception. Respondent denied having relations with anyone but appellant during that time period, while a single witness, Robert Hardy, testified he had sexual intercourse with respondent during the crucial time period.

The baby was admitted into evidence as an exhibit and the court noted certain similarities of nose, eyes, chin, general shape of the face, and hair and eye color, between appellant and the child.

The court refused to admit testimony offered by several witnesses as to the general reputation of respondent in the community as to sexual activity. Judgment was entered for respondent on November 9, 1973.

On appeal appellant's assignments of error can be grouped into five main contentions. He first assigns as error the court's denial of a jury trial claiming that I.C. § 7–1114 is unconstitutional. Appellant also challenges the appointment of an out-of-state expert to perform the blood tests pursuant to I.C. § 7–1116, claiming the court erred since the said expert was not available for testimony at the time of the trial and the court did not have jurisdiction to enforce the doctor's attendance. Appellant's third assignment of error attacks the court's refusal to allow testimony concerning respondent's reputation. The fourth contention is that the court failed to give proper weight to the testimony of Robert Hardy concerning access. Finally, the appellant assigns as error the court allowing testimony by respondent concerning physical similarities between the appellant and the minor child.

■ With regard to appellant's contention that the court should have given greater weight to the testimony of Hardy concerning access; the determination of the credibility of witnesses and the weight to be given their testimony are exclusively within the province of the trier of facts. *Thomson v. Marks,* 86 Idaho 166, 384 P.2d 69 (1963); *State v. H & K Construction Company,* 75 Idaho 492, 274 P.2d 1002 (1954).

We have reviewed the record and the findings of the trial court are supported by substantial, competent, though conflicting evidence. They, therefore will not be disturbed on appeal. *Randall v. Ganz,* 96 Idaho 785, 537 P.2d 65 (1975); *Ridley v. Vander-Boegh,* 95 Idaho 456, 511 P.2d 273 (1973); *Johnson v. Joint School Dist., No. 60, Bingham County,* 95 Idaho 317, 508 P. 2d 547 (1973); *Shrives v. Talbot,* 91 Idaho 338, 421 P.2d 133 (1966).

Appellant assigns as error the district court's denial of appellant's motion to dismiss. Appellant's motion rested on a challenge of the constitutionality of I.C. § 7–1114.[1] Appellant claims the denial of a jury trial violates Art. 1 § 7 of the Constitution of the State of Idaho.

■ It is well established that the right to a jury trial has application only to those actions so triable under the common law and territorial statutes in force at the date of the adoption of our Constitution. *Blue Note, Inc. v. Hopper,* 85 Idaho 152, 377 P. 2d 373 (1962); *Anderson v. Whipple,* 71 Idaho 112, 227 P.2d 351 (1951); *Johnson v. Niichels,* 48 Idaho 654, 284 P. 840 (1930).

■ A paternity suit is not a common law action. *McGregor v. Turner,* 205 Kan. 386, 469 P.2d 324 (1970); *Blanton v. Warn,* 444 P.2d 325 (Wyo.1968); *Doughty v. Engler,* 112 Kan. 583, 211 P. 619 (1923). The common law afforded no remedy to compel a putative father to acknowledge the parenthood or contribute to the support of his illegitimate offspring and until the paternity act was passed in 1969, (1969 S.L., ch. 93, § 25, p. 318) no filiation proceedings were actionable in this state. While this is an issue of first impression for this Court, an analysis of cases in other states shows it is uniformly held that there is no inherent constitutional right to a trial by jury in such proceedings. *Smeido v. Jansons,* 23 A.D.2d 796, 259 N. Y.S.2d 169 (1965); *Commonwealth v. Dill-*

*worth,* 204 Pa.Super. 420, 205 A.2d 111 (1964); *State v. Pinkerton,* 185 Kan. 68, 340 P.2d 393 (1959). Thus, I.C. § 7–1114 is not an unconstitutional deprivation of the right to a jury trial as it is within the legislature's province to provide for other methods of trial than by jury.

■ The appellant also challenges the district court's refusal to allow testimony concerning the reputation of respondent as a sexual libertine. Evidence of her prior chastity or lack thereof is admissible only when such evidence relates primarily to the issues of time of access and paternity of the child.

Here, appellant failed to establish any relevance between the testimony he attempted to elicit and the paternity of the child, Jason. Rather, he tried to show respondent's reputation for sexual availability without specific reference to activities during the time period when conception was possible. To allow the introduction of such evidence for the sole purpose of discrediting the respondent by casting inferences of general immorality would be error and the district court was correct in excluding such testimony. *Huntingdon v. Crowley,* 64 Cal.2d 647, 51 Cal.Rptr. 254, 414 P.2d 382 (1966); *Peterson v. Peterson,* 121 Cal.App.2d 1, 262 P.2d 613 (1953).

The appellant's fourth assignment of error challenges the testimony of respondent concerning physical similarities between the appellant and the child, Jason.

The only Idaho case[2] to face this issue was a probate action to determine the right of an alleged illegitimate son to inherit property from a deceased putative father. The illegitimate son was 48 years old at the time of trial and this Court held that evidence of physical resemblance between a child and the putative father which shows a similarity of specific traits was admissible where paternity is an issue. *In Re Stone's Estate, supra.* Here, the child was only 15 months old at the time of trial.

---

1. I.C. § 7–1114, in part, reads: "The trial shall be by the court without a jury."

2. *In re Stone's Estate,* 77 Idaho 63, 286 P.2d 329 (1955).

While some link between parent and child may be discerned by an inquiry focusing on the precise physical characteristics susceptible to comparison, such evidence is certainly insufficient in itself to establish paternity and is to be received by the trier of fact with caution. However, where the matter is tried to the court, as in this case, the admission into evidence of the child for purposes of comparison was not reversible error.

Appellant finally assigns as error the district court decision to appoint a Utah doctor as the expert to perform the blood tests under I.C. § 7–1116.[3] The result of such appointment was to place the expert, Dr. S. L. Gibbon, beyond the supoena power of the court and, thus, preclude requiring his presence at the trial. On August 16, 1973, an oral deposition was taken of Dr. Gibbon at Holy Cross Hospital at Salt Lake City, Utah. Attorneys for both parties were present and participated. The deposition was put in evidence by the court at the time of trial and made a part of the record. The results of the blood tests showed that the appellant could not be excluded as the possible father.

Appellant argues that the statute requires the doctor's presence at the trial. A reading of the statute does not require such an interpretation. The doctor is to be "called by the court as [a] witness-[es] to testify to their findings and shall be subject to cross-examination by the parties." This requirement does not necessarily mean that the giving of testimony requires a court appearance. This Court has stated that "testimony" is merely a species of evidence which is produced by oral statements of the witness. *Corey v. Wilson*, 93 Idaho 54, 454 P.2d 951 (1969).

In this case, the appellant was present at Salt Lake City, Utah when the deposition of Dr. Gibbon was taken and made extensive cross-examination of the doctor. Furthermore, if appellant was not satisfied with the findings of the doctor, he had the authority under I.C. § 7–1116 to demand that other experts take independent tests. This the appellant failed to do. While the district court's decision to appoint an expert residing beyond the subpoena power of the court is not recommended, it was not prejudicial under the facts in this case. Here, the closest doctor qualified to make blood tests was in Salt Lake City and the court was under the impression that no experts qualified to take this type of blood test resided in Idaho and made an order to that effect. If the court was mistaken, the appellant was under the duty to inform the court that there were qualified experts residing in Idaho and this he failed to do.

Judgment affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, SHEPARD and BAKES, JJ., concur.

3. "The blood tests shall be made by experts qualified as examiners of blood types who shall be appointed by the court. The experts shall be called by the court as witnesses to testify to their findings and shall be subject to cross-examination by the parties. Any party or person whose blood has been tested may demand that other experts, qualified as examiners of blood types, perform independent tests under order of court, the results of which may be offered in evidence by the party so demanding." I.C. § 7–1116.